Stierlin v. Daley et als.

----

HENRY J. STIERLIN, Plaintiff in Error, v. HOSANNAH DALEY et als., Defendants in Error.

1. *Revenue—Lands—Conveyances.*—Under the Revenue Act of November 23, 1857, § 33, the deeds executed by the Register are *prima facie* evidence of title in the purchaser only when duly executed and recorded. A deed is not duly executed unless it be proved or acknowledged in the manner provided by the "Act relating to conveyances"—R. C. 1855, p. 364. Without being proved or acknowledged, the deeds cannot be recorded.

2. *Revenue—City of St. Louis—Conveyances.*—A tax deed made upon a sale of lands by the City of St. Louis for unpaid taxes, must show a strict compliance with the statute. (Acts 1857, p. 99, § 43.) All such statutes, authorizing proceedings which are to have the effect of divesting a citizen of his title to real estate, must be strictly construed and strictly pursued.

*Error to St. Louis Land Court.*

This suit was instituted by petition in ejectment, filed September, 1863, to recover possession of a lot of ground on Stoddard avenue, in the city of St. Louis.

The original answer put in issue the allegations of the petition. Subsequently, on motion of the attorney for defendants, the court permitted another answer to be filed, in the name of Charles Ganong and others, charging that these latter parties were the heirs of the original owner of the property, and that defendants were tenants holding under them. There was no authority produced then, or at any other time, from Charles Ganong and others, for such a proceeding; nor was there any evidence, on the trial, showing any connection between said Ganong and others and said defendants, as tenants or otherwise. On the contrary, it appeared, on trial, that defendants were in possession of the premises without any color of title whatever, and had never paid rent or taxes on the property. It further appeared that the original owner, Joseph W. Ganong, went to California in 1851, and never returned; that an agent acted for him here a year or two after he left, and paid taxes; that defendant Hosannah obtained possession about 1852 or 1853, and remained in possession thereafter, without paying rent or taxes.

The plaintiff claimed title through deeds from parties who claimed under tax deeds from the State of Missouri, and under tax deeds from the City of St. Louis.

For the purpose of showing chain of title, the plaintiff (among other title papers) produced in evidence the following, to-wit: 1. A State tax deed, dated 12th March, 1863, (for taxes of 1857,) executed by the Register of the State of Missouri to Amelia Welcker, duly executed and recorded both in the office of the Register of Lands and in that of the recorder of St. Louis county; 2. A State tax deed, dated 12th March, 1863 (for taxes of 1858), to A. Welcker and A. Stierlin, executed and recorded in like manner as the above; 3. A city tax deed, dated 7th May, 1863 (for city taxes of

1858), executed by the comptroller of the City of St. Louis to Amelia Welcker.

The ordinances of the City of St. Louis (revisions of 1856 and 1861) were put in evidence.

*J. K. Knight,* for plaintiff in error.

I. The court below erred in refusing plaintiff's first instruction. It is in the very words of the statute, and there is no room for construction—§ 34, Art. V., Acts 1857, p. 98.

The statute is imperative, and there being no defects apparent on the face of the instruments, they must be held to have the effect declared by the statute. To hold otherwise, is to impeach the power of the Legislature. The power of the Legislature to declare tax deeds *prima facie* evidence of title in the purchaser cannot be questioned—Blackw. Tax T. 79, et seq.; Gwyn v. Neiswanger, 18 Ohio, 400 ; Thomas v. Lawson, 21 How. (U. S.) 332 ; Pillow v. Roberts, 13 How. 472 ; Hogins v. Brashears, 13 Ark. 242.

The objection that these deeds were not acknowledged before being filed for record, is groundless; the 42d section of the act (1857) does not require it. This section simply requires them to be recorded; and cannot an instrument be recorded without being acknowledged? The sole object of acknowledgment is authentication. These deeds are executed by an officer of the State, and under the seal of the State. The seal of the State implies absolute verity. In such case, it is simply absurd " to prove" or " certify the execution," or to " acknowledge the execution." Instruments under the seal of the State are as much entitled to record as a United States patent, or a decree under seal of court—Graves v. Bruen, 1 Gilm., Ills. 167 ; Thompson v. Schuyler, 2 Gilm., Ills. 271 ; 6 Watts, 269.

But if this were a valid objection, it cannot be urged by defendants ; they are without muniment of title of any sort, and cannot attack a deed on the mere ground of informality. Trespassers without color of title cannot object that the re-

quisites of the statute have not been complied with—Macklot v. Dubreuil, 9 Mo. 477 ; Bellows v. Elliott, 12 Vt. 569.

II. The court erred in refusing plaintiff's second instruction. The city tax deed, executed by the comptroller (marked 3), was properly acknowledged and recorded. The 43d section of the act (1857) gives the same effect to city tax deeds as to State tax deeds.

The intention of the Legislature being expressed in unambiguous language, there is no room for construction, and the legislative will must be carried out by the courts—2 Cranch, 358. The statutes prior and subsequent to the act of 1857, on this subject, show the intention of the Legislature—Acts 1860–1, p. 85, §§ 34, 35 ; Acts 1863–4, p. 89, § 22. These statutes are *in pari materia,* and are conclusive as to the intention of the Legislature—4 McLean, 463 ; 2 Md. 111 ; 10 Pick. 248 ; 3 Scam., Ills. 144 ; 3 How., U. S. 516 ; 2 Gibbs, Mich. 486.

*Krum & Decker,* for defendants in error.

I. The court below having refused to declare the law as desired by the plaintiff, he immediately submitted to a voluntary non-suit.

The defendant asked no instruction. The court did not decide that the plaintiff was not entitled *to recover ; in fact,* the court decided nothing affecting the plaintiff's case. The plaintiff went out of court before it had an opportunity to decide the case. The plaintiff cannot assign his own voluntary withdrawal of his suit for error. If this view is not taken by this court, we maintain the further propositions below.

II. It is a misnomer to call either of the writings, purporting to have been signed by the Register of Lands, deeds of conveyance ; they are not deeds. The first recites a sale made in 1858, for a tax assessed in 1857. This writing, or so called deed, is in the name of John F. Houston, Register, &c., as the granting party, though it is signed by Sample Orr, Register of Lands.

The lot sued for is lot 7, in block 6, in Morton's addition, now city block 470. The description in this deed is a lot of 30 feet, &c., in block 470. The second deed describes the lot substantially as it is described in the petition, viz: lot 7, in block 6, Morton's addition.

Neither of these so called deeds are sealed instruments. The Register affixes his seal of office, nothing more. It is assumed by the appellant that these deeds are executed under the seal of State. This is a mere assumption, for the Register is not the keeper of the seal of State.

III. These so called register's deeds are not operative to pass title, because they were neither acknowledged nor proved.

The general law of this State requires that every instrument in writing, whereby any real estate is conveyed, or may be affected, &c., shall be acknowledged or proved—Act concerning Conveyances. The Register of Lands, like a private individual, in order to make a conveyance of land, must conform to the requirements of the general law of the State.

The Revenue Act, under which the tax sale and tax deeds were made, is silent as to the mode of executing the deed, consequently the general law governs. These deeds are inoperative to convey title to the land in question.

The Revenue Act, relative to the making and recording of tax deeds, &c., does not change the rule established by the general law in respect to the execution, acknowledging, or proving and recording deeds. The Act concerning Conveyances and the Revenue Act can and should be construed together—R. C. 1855, p. 364, § 4; § 10, Recorders, R. C. 1855, p. 1313.

The 33d section of the Revenue Act, approved November 23, 1857 (under which it is assumed the tax sales in question were made), authorizes the Register of Lands to "execute good and sufficient deeds of conveyance to all persons entitled thereto," &c., which he shall record, &c.

In this State, a conveyance in fee or of a freehold can only be made by deed; that is, by a writing under seal—§ 15,

Act regulating Conveyances. A deed of conveyance, *ex vi termini*, means a written instrument sealed and delivered.

The general law requiring conveyances to be "subscribed and sealed," is as applicable to conveyances made by a public officer as to those executed by private individuals—Black. Tax T. ch. 22, p. 364, and cases cited.

IV. The comptroller's deeds are subject to the same objections, viz., that they are not sealed instruments. While the deed dated May 7, 1863, purports to have been executed by the comptroller, "under my seal of office," no seal of any kind is affixed. Neither his official or private seal is affixed. . The City of St. Louis became the purchaser at the tax sale. The title, if any was acquired, was in the city. This deed is not in the name of the city, nor does it purport to be the grantor. The deed is between George K. Budd, comptroller, and Amelia Welcker. It is supposed that this deed was made, or intended to be, in pursuance of § 21, Rev. Ord. 1861, p. 380. This section of the ordinance is simply an authority or power to the comptroller to make deeds, &c.; but as the title was in the city, the deed must be made by the city, i. e. the city must be grantor, and not the comptroller. This instrument, dated May 7, 1863, is not a deed, in the sense of the law, nor does it purport to be made by the City of St. Louis as the granting party—Nelson v. Gœbel, 17 Mo. 161.

V. It will be observed that the comptroller's deed, dated May 30, 1863, is signed by him, but he neither affixes his official or private seal; nor is this deed made to the purchaser at the tax sale, but to the plaintiff. This deed is therefore without authority. The comptroller, under the power delegated to him by the ordinances of the city, was only authorized to make deeds to the purchasers at tax sales.

No authority was shown to make this deed. In other respects, this deed is subject to the objections which we make to the other comptroller's deed. It is true, this deed is countersigned by the register, and he affixes his seal to his attestation; but this adds nothing to the validity of the deed. The register is not a party to the deed. The signing and sealing

contemplated by the law must be done by the party grantor, or duly authorized agent.

VI. It is insisted by the appellant, that the comptroller's deeds (both having been acknowledged and recorded in St. Louis county) are on a footing with deeds made by the Register of Lands, and are *prima facie* evidence of title in fee simple in the purchaser, &c. To this we reply, that in no case is a tax deed, whether made by the Register of Lands or the city comptroller, *prima facie* evidence, &c., except when made to the purchaser at the tax sale. This is the only construction that can be put upon the act.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment upon a tax title. The plaintiff produced in evidence two tax deeds, executed by the State Register of Lands, the one to Amelia Welcker, and the other to A. Welcker and A. Stierlin, as purchasers at the sales for taxes; and the deeds, dated March 12, 1863, were executed by the Register of Lands under his seal of office, and were recorded without having been acknowledged. He also offered in evidence a tax deed of the date of May 7, 1863, executed by the comptroller of the City of St. Louis to Amelia Welcker, purchaser at the sale, under the seal of the corporation, signed by him, and attested by the city register, duly acknowledged by the comptroller, and recorded. Some other evidence was introduced, and the plaintiff asked the court to instruct the jury as follows:

1. That the tax deeds executed by the Register of Lands of the State of Missouri, if genuine, are *prima facie* evidence of title in fee simple in the purchasers therein named.

2. That the tax deed executed by George K. Budd, comptroller of the City of St. Louis, if genuine, is *prima facie* evidence of title in fee simple in the purchaser therein mentioned.

These instructions being refused, the plaintiff took a nonsuit, with leave to move to set the same aside.

The Revenue Act of 1857 (§ 33) requires the Register of

Lands to "execute good and sufficient deeds of conveyance to all persons entitled thereto"; and provides (§ 34) that such deeds, executed and recorded as required by the act, shall, without further proof, be received as evidence in all courts in which the title is brought in question, and that they shall be *prima facie* evidence of title in fee simple in the purchaser, and the burden of proving that the title is not in the person claiming to hold under the deed from the Register of Lands shall be upon those claiming adversely to such deed—Laws of 1857, p. 99. And the same act provides that such tax deed shall be taken and held to be within the terms and meaning of the fortieth, forty-first and forty-second sections of the Act concerning Conveyances, and that, until recorded under those sections in the office of the recorder of the county where the land lies, the deed shall not have any effect against the rights of any one not having actual notice thereof—§ 42, p. 100. The fortieth section referred to provides that deeds, proved or acknowledged, and certified in the manner prescribed in that act, may be recorded. The other sections provide that deeds when recorded shall impart notice, and that until recorded they shall not be valid, except as between the parties thereto and such as have actual notice thereof—R. C. 1855, p. 364. These deeds were neither proved nor acknowledged ; nor was there any proof of their execution, or of actual notice. They are to be governed by the express provisions of the statute, and the statute must be strictly complied with. Without being proved or acknowledged, they could not be recorded under those sections; and without being recorded as therein required, they are to have no effect against other parties, without actual notice. This alone was a sufficient reason for refusing the first instruction.

The other instruction proceeds upon the forty-third section of the same act of 1857, which declares that "all tax deeds for lots or lands sold under ordinances of the City of St. Louis for the non-payment of taxes due said city, shall be received in like manner, and shall have the same force and effect, when recorded, as State tax deeds in this article provided

for." This section introduces a new subject, and is exceedingly vague and indefinite. For one thing, it would seem necessarily to be inferred that it must first be shown that the lots or lands in question had been sold under ordinances of the City of St. Louis for the non-payment of taxes due the city. For another thing, it might be conjectured that the framer of the act had intended to make such deeds admissible in evidence in the courts, but the words of the act have not said so. It is said that they shall be received, and have the same force and effect, when recorded, as State tax deeds have when recorded, as provided for in that article. The effect of recording is simply to impart notice. It is very probable that the legislator had some general intent, in his mind, to place the deeds on the same footing as to being admissible in evidence in court, and as to being *prima facie* evidence of title when recorded as the act requires; but the language used does not directly and plainly import all this. It is capable of another construction. The provision, so interpreted, would be in derogation of the common law rules of property in real estate, as the provisions about State tax deeds are also; and the principle seems to have been very generally acted upon in this class of cases, that the common law rules must be adhered to, except so far as they have been changed by the very words of the statute, and that all such statutes, authorizing proceedings which are to have the effect of divesting the citizen of his title to real estate, though for the good of the public, as well as the powers given by such acts, must be strictly construed, and strictly pursued—Sibley v. Smith, 2 Mich. 490; Blackw. Tax T. 86; Tanner v. Stine, 18 Mo. 580. If we were to adopt the most liberal rules of construction, and proceed to gather the intent from the whole purview of the act, with the largest intendment in favor of the tax title, as might be proper in the construction of statutes in general, it is very possible that we might hold that this section was intended to made city tax deeds receivable in evidence in all courts, and to give them the effect of being *prima facie* evidence of title in fee simple in the pur-

chaser. But we do not conceive that we are at liberty to do so, in a case of this kind. The rule of strict construction forbids it; and we think the rule is founded in justice and good policy.

On the case made, we think both instructions were rightly refused.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace not sitting.

Motion for re-hearing overruled.