PAULINE DALTON, Respondent, *v.* MARTHA FENN AND THOS. J. McNAIR, Appellants.

1. *Conveyances—Revenue—Register's Deed—Lands and Land Titles.*—The deed of the Register is *prima facie* evidence of title in the purchaser at a tax sale only when the deed is duly acknowledged and recorded in conformity with the statute relating to conveyances—Stierlein v. Daley et als., 37 Mo. 483, affirmed.
2. *Conveyances — Revenue — Collector's Certificate — Lands and Land Titles.*— Under the revenue act of 1857, to make the collector's certificate of sale for taxes *prima facie* evidence of right of possession in the purchaser at the sale, the certificate must be executed, acknowledged and recorded in the same manner as a conveyance of land. After the two years limited for redemption have passed, the holder of the certificate may procure a deed, but he cannot defend his possession against a party showing a legal title upon the certificate merely.

*Appeal from St. Louis Land Court.*

This was an action of ejectment for a tract of land in the county of St. Louis, brought by Pauline Dalton, respondent, against the appellants.

The plaintiff introduced and read in evidence—1. Deed dated September 9, 1851, from William S. Hereford and wife to John Dalton, the husband of the plaintiff; 2. Deed dated January 8, 1855, from Dalton and Pauline, his wife, to one William Fulton; 3. Deed of trust dated same, January 8, 1855, from said William Fulton to the trustees of said John Dalton; 4. Deed dated August 12, 1865, by said trustees to the plaintiff, Pauline Dalton—this deed was acknowledged and recorded September 22, 1865.

Plaintiff then introduced as a witness the said William Fulton, who stated: "I know the real estate described in the petition; I formerly had possession of it; the defendants had possession of it on the 21st day of September, 1865."— Here the plaintiff closed.

Defendants introduced as a witness William Hardy, who stated that "on the 19th day of October, 1859, James Mc-Donough was collector of the revenue for St. Louis County;

8—VOL. XL.

at that time I was his deputy. I know the certificate dated October 19, 1859; it was issued by me at its date to Thomas J. McNair. I know the handwriting of John F. Houston, who in the years 1860 and 1861 was Register of Lands in this State. The signatures to the deeds dated respectively November 12, 1860; October 28, 1861, and October 28, 1861, are genuine. I never saw him write, but the signature looks like that in other deeds purporting to be signed by him."

Defendants then read in evidence—1. Tax certificate, in the usual form, dated October 19, 1859, from said McDonough, as collector of the State and county revenue for the County of St. Louis, to the said McNair, for the property in question, the same having been sold at a sale commenced on the first Monday in October, 1859, for the taxes for the year 1858. On this certificate was endorsed a transfer or assignment, for value received by said McNair, to the defendant Martha Fenn, dated January 3, 1861. These were recorded in the Register's office, October 28, 1861. 2. Deed from the Register to the said McNair dated November 12, 1860, recorded in the Register's office and filed for record in St. Louis county November 7, 1861, but which deed was not acknowledged by the Register. 3. Deed from the Register to said McNair, dated October 28, 1861. This deed was also recorded in the Register's office, but was neither acknowledged nor recorded in the county of St. Louis. 4. Deed from same to same, dated October 28, 1861; recorded in the Register's office and filed for record in St. Louis county. November 7, 1861, but not acknowledged by the Register.

The bill of exceptions states that " the plaintiff objected to the said certificate and deeds at the time they were offered in evidence, but that the court admitted the same subject to the objection, and would declare the effect of the same."

William Fulton, for the plaintiff, stated in rebuttal, that the taxes for 1858 were not demanded of him personally; that they might have been demanded on the premises, of his agent; that he was frequently absent, and could not tell

what might have transpired while absent; that he had sufficient personal property in each year to pay said taxes, and the same could have been made by the collector.

The plaintiff asked the court to give the following instruction, which was given : " If the deeds read in evidence by the plaintiff are genuine, the title of the plaintiff is a better title than the defendants', and the plaintiff is entitled to recover."

The court gave judgment for the plaintiff. The defendants appealed.

*C. G. Mauro*, for appellants.

Although the Register's deeds may not have been properly proved (we do not understand the court to have excluded them), still the collector's certificate was available as a defence to the action.

The 15th section of the 5th article of the Revenue Act of 1857 makes the certificate *prima facie* evidence of title until the expiration of the time for redemption, and warrants the purchaser in taking possession and using the premises. The only restriction is that he shall not cut or carry away any timber on the land until the time of redemption shall have expired.

How did the plaintiff attempt to overcome this *prima facie* title of the defendants ? Solely upon the ground that the collector had not used due diligence to collect the taxes. The evidence of Fulton, in rebuttal, was given upon this supposition alone.

To this position there are several answers. The 22d section of the 3d article of the act does give authority to the collector to seize and sell the goods and chattels of the persons liable for the taxes, after demanding payment, or visiting his place of abode for that purpose, and the lapse of ten days thereafter ; but this is not mandatory, but merely cumulative—Thompson v. Carroll, 22 How. 422 ; Martin v. Canon, 2 Dutcher, 228.

*Cline & Jamison*, for respondent.

I. The tax certificate and the pretended tax deed for taxes for 1858 were void for uncertainty in the descriptions.

II. None of the pretended tax deeds were under seal, were not acknowledged, nor had any subscribing witnesses, and of course were not duly executed—Stierlein v. Daley et als., 37 Mo. 483.

III. There was no legal proof of the execution of any of said pretended tax deeds.

IV. The law was not complied with. It was the duty of the collector to levy upon personal property and sell the same for the taxes; which he failed to do.

Fulton had sufficient personal property, and, if the collector had done his duty, would have been paid as collected. Acts 1857, p. 87, § 22.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the respondent against the appellants for a tract of land situated in St. Louis county. Upon the trial in the court below, without a jury, the respondent adduced in evidence a good and valid title to the premises by a chain of regular conveyances. The appellants introduced against the objection of the respondent a certificate of purchase from the collector under a tax sale, and also three deeds executed by the Register of Lands, conveying the property to McNair who bid it in at a sale for taxes. Neither the certificate nor the deeds were ever acknowledged by the collector or register who executed them. On this evidence the court declared the law to be that the respondent had the better title, and gave judgment accordingly, and an appeal was taken to this court.

The contraversy arises under the revenue act of 1857, and the case is not distinguishable from Stierlein v. Daley et als., 37 Mo. 483. In that case Judge Holmes very carefully considered the subject, and it was held that deeds executed by the register were *prima facie* evidence of title in the pur-

chaser only when duly executed and recorded, and that they were not duly executed unless proved or acknowledged in the manner provided by the act relating to conveyances in the Revised Statutes.

It is, however, insisted that the certificate of purchase should have been held good, independently of the defectiveness in the deeds. By the 15th section of the fifth article of revenue act (Laws of Mo., Adj. Sess. 1857), it is made the duty of the collector, upon full payment of the amount for which any tract of land or any town lot is sold, to grant to the purchaser a certificate thereof, which certificate shall be *prima facie* evidence of the title to the premises thus sold, until the time for the redemption of such lands shall have expired, and shall warrant the purchaser in taking possession of and using the premises, but such purchaser shall not cut or carry away any timber on the land so purchased until the expiration of the time for redemption. The 42d section of the same act declares that every certificate furnished by the 15th section and every tax deed shall be taken to be within the terms and meaning of the 40th, 41st and 42d sections of the act entitled "An act regulating conveyances," approved December 11, 1855. No distinction is made between the manner of executing and acknowledging certificates and deeds. If it is essential to the validity of a deed that it should be acknowledged by the person executing it, agreeably to the statute concerning conveyances, it is equally so with the certificate. They are both blended and conjoined together, and no discrimination can be made between them. It is idle to argue that there is no good and substantial reason for requiring the certificate to be acknowledged ; it is sufficient for us to know that such is the law, and in a case like this we do not consider ourselves called upon to furnish reasons in justification of it.

From a careful perusal of the 15th section the inference is irresistible, that the certificate, even when made out and acknowledged in due form, was never intended to confer title. It is merely evidence of title which authorizes the purchaser

to take possession of the premises for a limited period, and expressly prohibits him from committing waste. He is not permitted to deal with the premises as if he possessed the title or owned the fee. After the expiration of the time for redemption, he may acquire title by a compliance with the law, but before that time he cannot defend against a party who presents a title valid and legal. In this case, however, the time for redemption had expired long before the institution of the suit, and the party could rely upon nothing but the deed.

The judgment will be affirmed. The other judges concur.