COLEN E. BLAKE *versus* GEORGE H. BLANCHARD *& al.*

An execution against two persons, in which the name of one is erroneously
stated, is not void as against the one who is correctly described.

A bond, given by the one who is correctly described, to procure his release
from arrest on such execution, is valid.

ON EXCEPTIONS to the ruling of DAVIS, J.
This was an action on a poor debtor's bond, given by the
defendants, to procure the release of George H. Blanchard
from arrest on an execution against said Blanchard and
Charles W. *Coburn*. It appeared that the judgment, on which
the execution issued, was against Blanchard and Charles W.
*Cahoon*, and that the name of *Coburn* was accidentally in-
serted in the execution by the clerk instead of that of *Cahoon*.
The defendants contended, that the execution was void, the
arrest illegal, and the bond given under duress.

The presiding Judge ruled that, as against Blanchard, the
execution was valid, and that the plaintiff was entitled to
judgment. To this ruling the defendants excepted.

*Fessenden & Butler*, for defendants.

The execution issued against Blanchard and Coburn, pur-
porting to be issued on a judgment against the same parties.
The case shows there was no such judgment, and, therefore,
the execution was improvidently issued and was void.

If the execution is invalid, all the subsequent proceedings
are void.   *Stearns & al.* v. *Veasey & al.*, 33 N. H., 61.

The defendants are not estopped by the bond from show-
ing that there was no such judgment and execution as are
recited in the bond.   *Stearns & al.* v. *Veasey & al.*, above
cited.

*Howard & Strout*, for plaintiff.

The opinion of the Court was announced by

DAVIS, J.—The judgment, as against this defendant, was
correctly described, as it was in fact.   He was not injured by

the mistake in the name of his co-defendant. There was no duress, and the bond is valid. Perhaps he would not be estopped by his bond from showing that there was *no judgment* against him, so that his arrest was unlawful. But he should be estopped from taking advantage of merely technical and clerical errors. If, when arrested, he had been brought before us on *habeas corpus,* instead of discharging him, we should have permitted the clerk to correct the execution. He can be in no better condition.. The mistake was not in *his* name. *Exceptions overruled.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.