JOHN S. HARRIS, Plaintiff in Error, v. BERANICE F. CHOUTEAU et al., Defendants in Error.

1. *Executions—Lands.*—Under the provisions of the act relating to executions, (R. C. 1855, p. 746, § 46,) the plaintiff in the execution is required to give notice to the defendant of the issue of the writ, &c., only in cases where the execution is sent to be levied on land situate in a county different from that in which the judgment was rendered and the execution issued.

*Error to the Kansas City Common Pleas Court.*

*Douglas & Gage*, for plaintiff in error.

The only question arising on the record is as to the notice required by section 46 of the "Act to regulate executions." (R. C. 1855, p. 746.) Under the facts of this case, was such notice necessary? The said section was evidently intended for the protection of defendants, who owned lands in counties other than that in which judgment was rendered. It was to prevent property being sold secretly and at a sacrifice, without the knowledge of debtor defendants. In cases where the execution issues to the same county in which the defendant is resident, no such notice is required, for the obvious reason that the process being in the ordinary course of law, the defendant is presumed to have knowledge of it. In that case the execution issues as a matter of course, and without any special directions from the plaintiff. It is done by the clerk as one of the duties of his office, and its performance is always expected by both plaintiffs and defendants. But a clerk never issues an execution to another court than his own unless he is so directed by the plaintiff. (§§ 8 & 9 Execution Act.) It is out of the ordinary course of proceeding. The

defendant is not presumed to know anything about it. It is done at the instance of the plaintiff, and therefore, to prevent any surprise, fraud, or injustice, on the defendant, the law very properly requires notice of the execution in such cases. In the one case the issuance of the execution is the act of the law, in the other it is the act of the plaintiff. In the first case notice is not required, in the last it is. Where, then, the defendant is presumed to know that an execution has been or will be issued, no notice is required, and it is only necessary where such presumption does not arise.

Nor is a case in which the defendants at the commencement of the suit resided in the county where judgment was rendered, and the land levied on is situated, but became nonresident after the suit commenced, within the mischief, the reason, or spirit of the law. The mischief intended to be remedied was the sacrifice of a debtor's land, by sales made without his knowledge. Where he has such knowledge there can be no such mischief. The debtor himself can publish the fact, or attend the sale and compel that competition in bidding which will result in a fair sale and an adequate consideration. If he does not, it is his own neglect and he cannot complain.

Where, then, from the nature of the proceeding, the defendant is presumed to have knowledge of what county the execution is to be levied in, no notice is necessary. In such cases knowledge is notice. (2 Eq. Lead. Cas., Pt. 1, p. 115; Hobein v. Murphy, 20 Mo. 447.)

WAGNER, Judge, delivered the opinion of the court.

The only question presented in this case is the proper construction to be given to the 46th section of the "Act regulating executions." (1 R. C. 746.)

It appears from the record that one Guinotte commenced a suit against the defendants in the Common Pleas Court of Kansas City; the defendants were then all residents of Jackson county, and personally served with process. They all appeared and defended the action, and judgment was ren-

dered against them and in favor of the plaintiff, at the June term, 1860, of the Common Pleas Court. Execution was issued on the said judgment, returnable to the then next October term of said court, and levied on the same property now in controversy here. The defendants then appealed from the judgment of the Common Pleas Court to this court, and obtained a stay of execution; and this court, at its July term, 1863, affirmed the judgment, and remitted the record, with their decision, to the court below. Execution again issued from the lower court February 8th, 1865, and was levied on the same property levied on under the first execution. The property was sold under the execution at the May term, 1865, of the Common Pleas Court, and Harris, the present plaintiff in error, became the purchaser. Subsequent to the service of process, the defendant Chouteau removed from Jackson to St. Genevieve county, where she resided at the time of the issuance of the last execution, and the sale thereunder.

At the same term at which the property was sold, the defendants appeared and filed their motion to set aside the sale on the ground that they were not residents of Jackson county, and had no notice of the sale. This motion the court sustained, and Harris excepted.

The 46th section of the execution act provides that "when real estate situated in a different county from that in which the defendant in the execution, owning such real estate, resides, is sought to be sold under execution in favor of the plaintiff therein, it shall be the duty of the plaintiff to cause a notice in writing to be served on the defendant or defendants owning the real estate, if residing in the State, stating the fact of the issuing of the same, how or to what county directed, and to what term of the court said execution is returnable." In Hobein v. Murphy, (20 Mo. 448,) this statute was under consideration in this court, and it was then decided that the notice of execution required to be given to a judgment debtor who is a non-resident of the county in which the

land to be sold is situated, was not necessary in the sale of mortgaged land made under a special *fieri facias*. It is true the language of the statute is general and makes no exceptions, but strictly embraces in its words all execution sales of land situated in a different county from that in which a judgment debtor resides ; but, in giving it a practical application, will a literal construction or interpretation carry out its manifest spirit and intent? We think not. To arrive at the mischief intended to be remedied, we must look at the object the Legislature had in view in passing the law. There can be no question that it was to prevent undue advantage from being taken of the debtor, and preserve his property from being sacrificed. Debtors frequently own land in other counties than that in which they reside, or in which the judgment is obtained, and the law gives the judgment creditor the right to have his execution issued to any county in the State. If the judgment creditor is so disposed he may issue his execution to a remote county, have the land of his debtor levied on and sold, and possibly buy it in at a great sacrifice, if the owner is not notified so that he can be there and protect his rights. It was to prevent this unconscionable advantage from being taken that the law was enacted. But where a party is brought into court by personal service, and judgment taken against him, and execution issued to the sheriff of the same county in which the judgment is had, he is certainly fully notified of all the proceedings. On the rendition of the judgment he may expect, as a matter of course, if the debt is not paid off and discharged, that an execution will follow ; and as by law the execution will issue to the county in which the judgment is taken, without the plaintiff gives different directions, he will be impressed with full notice, and it is only when the judgment creditor gives different directions and orders his execution to another county, that he can bring himself within the operation of the mischief intended to be remedied by the law. His removal to another county after the institution of proceedings will make no difference.

The court erred in sustaining the motion, and the judgment is reversed and the cause remanded. The other judges concur.