PORTER BUCHANAN, Plaintiff in Error, *v.* WILLIAM ATCHISON, Defendant in Error.

1. *Evidence—Statements of Parties.*— A witness who testifies as to the subject matter of conversation between parties, if he cannot state the precise words used, may be allowed to state the substance of what was said. Such testimony may go to the jury for what it is worth.
2. *Executions—Notice.* — Harris v. Chouteau et als., 37 Mo. 165, affirmed. A party who changes his residence and removes from the county after the commencement of a suit against him, is not entitled to notice of the issuing of execution to the sheriff of the county in which judgment is recovered before lands can be sold—R. C. 1855, p. 746, § 16.

*Error to Buchanan Circuit Court.*

*Bassett* and *Ensworth*, for plaintiff in error.

*H. M. & A. H. Vories*, for defendant in error.

The only question, it is supposed, which will be seriously raised in this court is as to whether Atchison was bound under our statute to give Buchanan a special personal notice of the issue and levy of the execution against Buchanan, the statute requiring such notice to be given, when the execution is issued to a different county from where the parties reside and the judgment is rendered.

I. No notice was necessary in this case of the issuing and levy of the execution other than the usual advertisement by the sheriff, the defendant not being a resident of another county in this State than the one where the execution was issued within the meaning of the statute—R. C. 1855, p. 746, § 46.

II. The execution in this case was issued in the ordinary way to the county where the defendant was served with process, and in which the judgment was rendered—Harris v. Chouteau et als., 37 Mo. 165.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding in the Buchanan Court of Common Pleas, and the petition of plaintiff in error is in the nature of a bill in chancery. It alleges that defendant, by false and fraudulent representations in reference to the enforcement of a debt due and owing to him by plaintiff, and for the recovery of which a suit had been duly instituted and was then pending in said court, and by failing to give the notice required by section forty-six of the "Act in relation to executions" (R. C. 1855), had fraudulently procured the sale of certain real estate belonging to the plaintiff situated in the said county of Buchanan. It alleges further that the plaintiff was at the time of the sale, and for a long time previous thereto had been a resident of the county of Platte in this State, and therefore entitled to the benefit of the provisions of the act referred to. It is further alleged that the defendant at said sale became the purchaser of said real estate for a nominal sum merely; that it was in point of fact worth more than double the amount it sold for, with all the liens and encumbrances upon it; tenders to the defendant the amount of the purchase money with the balance due upon his judgment; avers that he is ready and willing to pay all charges and costs upon said property that had been paid by the defendant; and asks that the sale made by the sheriff be set aside, the deed cancelled, and for general relief, &c. The answer denies all the allegations of fraud and false and fraudulent representations; alleges that plaintiff was at the time of the commencement of the suit a citizen of Buchanan county, and denies that his residence had been changed, &c.

Much testimony was given, at the trial of the cause, upon the different issues presented by the pleadings; but there

is only one assignment of error in reference thereto, which may be briefly disposed of. One of the witnesses introduced on the part of the defendant was permitted by the court to state the substance of a conversation between the plaintiff and defendant in relation to the matters in controversy in this suit, having first stated that he could not give the precise words that passed between the parties. There was no error in this, and no especial reasons, as we think, need be assigned for the conclusion. It is a matter of necessity constantly arising in the progress of trials in the lower courts; and such statements, when not put in the form of conclusions or deductions of the witness from what was said, but as his best impression as to the substance of what was said, must be permitted to go to the jury for what they are worth.

The only remaining question involves the construction of the section of the statute in relation to executions above referred to. In the case of Harris v. Chouteau et als., 37 Mo. 165, this statute was carefully considered, and an interpretation of the intent and meaning of its provisions settled in such form as fully to embrace the question here raised. The plaintiff in error here was sued and a judgment against him obtained in the county in which he resided. The property to be affected by that judgment (and any subsequent proceedings thereon) was situated in the same county, and the execution, when issued by the clerk, without any specific directions of the judgment creditor to the contrary, would be directed to the sheriff of Buchanan county. The execution debtor then had full notice of the legal consequences that would reasonably be expected to follow the suit commenced against him; and the only fact set up in his bill to destroy the effect of this notice, is that the defendant had informed him at the commencement of the suit—that his only object was to secure his debt by getting a judgment—and that he did not intend to coerce its payment by execution. It is not pretended that it was a promise of forbearance, because no consideration whatever was alleged to support it, and in our opinion it constituted no ground for equitable relief. To

say that a party after being sued in the county of his resi-
dence, could then change his domicil to another county in
the State (it might be at a great distance, and, as the record
shows in this case, entirely unknown to the plaintiff in the
execution) and acquire a temporary residence there, and
thus bring himself within the provisions of this statute,
would seem to be a perversion of every principle of justice.
Upon a review of the ground upon which the case of Harris
v. Chouteau et als. was decided, we are satisfied that the
construction given to the act in question was correct, and
that it applies with equal force to the case at bar.

The other judges concurring, the judgment of the court
below is affirmed.