P. W. HARPER, Appellant, v. C. W. HOPPER, Respondent.

1. *Executions—Notice.*—The provision of the statute (Gen. Stat. 1865, ch. 160, §§ 43, 44) which requires notice to be given to a defendant where an execution is issued to a county other than that in which he resides, has been uniformly held to apply only to cases where the execution is sent to be levied on land situate in a county different from that in which the judgment was rendered and the execution issued.

Harper v. Hopper.

*Appeal from Polk Circuit Court*

*McAfee & Phelps*, for appellant.

I. Where the defendant in execution is a non-resident of the county where the land was sold on execution, he is entitled to notice, or the sale will be set aside, on motion, at the return term of execution. (Ray v. Stobbs, 28 Mo. 35; see, also, Hobein v. Murphy, 20 Mo. 447; Harris v. Chouteau, 37 Mo. 165; Buchanan v. Atchison, 39 Mo. 503; Harrison v. Cachelin *et al.*, 35 Mo. 79.)

WAGNER, Judge, delivered the opinion of the court.

There is no question made as to the validity of the judgment or the jurisdiction of the court, and the only point to be determined is, whether the sale of the land by the sheriff of Polk county, without notifying the defendant in the execution, impresses the sale with such illegality as entitles the defendant to avoid it. It is agreed that, at the time the judgment was rendered, the defendant was a resident of another county in this State, and that he continued so to reside when the execution was sued out and the land was sold, but he appeared to the action and made his defense.

In giving a construction to the statute which requires notice to be given to a defendant where an execution is issued to a county other than that in which he resides, this court has uniformly held that the provision only applied in cases where the execution is sent to be levied on land situate in a county different from that in which the judgment was rendered and the execution issued. (Harris v. Chouteau, 37 Mo. 165; Buchanan v. Atchison, 39 Mo. 503.)

There is nothing in the present case to distinguish it from those referred to. Although the defendant did not reside in Polk county when the judgment was taken, yet he appeared and defended the suit. The execution was issued to the sheriff of that county, and the land levied on and sold was situated in the same county. He then had sufficient notice that an execution would issue to that county, and he cannot bring himself within the mischief intended to be remedied by the law in reference to executions.

Judgment affirmed. The other judges concur.