PORTER BUCHANAN, Appellant, *v.* ROBERT TRACY *et al.*, Respondents.

45 437
101 413.

1. *Sheriff, sale by — Mistake as to date of, in return and recitals of deed.*— Land was advertised by the sheriff to be sold, and was in fact sold, on the 5th day of January. But the sheriff's return, and his recitals in the deed to the purchaser, declared the sale to have been on the "4th" of January. *Held,* 1st, that the mistake in the return as to the day of sale was not material, for the reason that it was not necessary to the validity of the purchase that the sheriff should make a correct return, or any return at all; and 2d, that the mistake as to the exact day of sale, occurring in the deed, was also immaterial, provided that the deed on its face was according to law, showing a sale at an authorized day during term of court.

*Appeal from Fifth District Court.*

*Ensworth & Bassett,* for appellant.

The sheriff's deed is void, in not having the recitals required by the statute. (R. C. 1855, ch. 63, §§ 54, 56; 18 Mo. 580; 36 Mo. 115; 37 Mo. 194.) The conveyance of land by a sheriff upon sale under execution is a statutory power, and the statute must be pursued strictly; otherwise the conveyance passes no title. (Allen v. Moss, 27 Mo. 364; 9 Mo. 156; 18 Mo. 586–7.)

*Vories & Vories,* and *Vineyard, Woodson & Young,* for respondents.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought ejectment in the Buchanan Common Pleas against Tracy, who occupied under William Atchison. Atchison defended the suit, and showed title by virtue of a sheriff's sale to him upon judgment and execution in his favor against the plaintiff. He also set up a former recovery upon a petition in equity, by the same plaintiff, against the said Atchison, upon which petition judgment was rendered against the plaintiff in the lower court and affirmed in the Supreme Court. (Buchanan v. Atchison, 39 Mo. 503.) The plaintiff claimed that the execution and sale were irregular and void, and passed no title, and that these questions were not adjudicated by the former suit. The Common

Pleas gave judgment for defendant, and the District Court affirmed the judgment.

The plaintiff claims as irregularities that the execution upon which the sale was made had expired before the sale; also, that the sale was not made upon the day named in the advertisement. The execution was issued August 12, 1863, returnable at the next September term. The levy was made August 15, and the deed and return both show that the sale was made during the December term, 1863, of the said Court of Common Pleas, and on the 4th day of January, 1864, agreeably to that notice, etc. That the sheriff had a right, under the statute of March 23, 1863, extending executions (Acts 1863, p. 20), to sell at a subsequent term, is very clear, especially under the liberal interpretation given to the statute in Stewart v. Severance, 43 Mo. 322. Section 2 provides that executions hereafter issued and levied upon real estate, if the property be not sold at the next term, shall, with the levy, remain in full force until a term is held when it can be sold. For the views of this court upon this statute, it is only necessary to refer to its opinion in said case. But the deed and return of the sheriff show that the sale was made on the 4th day of January, while the notice given in evidence below advertises the land to be sold on the 5th. It was, however, clearly established that the sale was actually made on the 5th, and that the return and recital in the deed were so far mistakes. Does this mistake in the return, followed up in the deed, vitiate the sale? Is it a substantial irregularity, or conclusive evidence of one? or a mere clerical misprision of the officer, by which no one is injured, and which should not affect the legality of his proceedings? The effect of a mistake in reciting the date of the judgment was considered at some length in Stewart v. Severance, and upon full argument it was held not to affect the title. But plaintiff claims that the mistake of a sheriff in his return, and in reciting in the deed his own proceedings, are not entitled to the same indulgence. It is said that the return of the sheriff can not be contradicted; that it must be taken as true, except in a direct proceeding to impeach it. This proposition is, in general, correct; but the return of the sheriff itself cuts no figure in this

Buchanan v. Tracy et al.

case. It is not necessary to the validity of the purchase that he make a correct return, or make any return at all.

We find in the reports of Massachusetts and other Eastern States decisions that seem to contradict those of New York and other States in reference to the regularity of legal proceedings under which title is claimed. But this apparent contradiction arises from the retention in those States of the writ of *extent*, and its application to private debts. Under their system there is no sale, but the execution is *extended* over the land, which is appraised and transferred to the creditor. All the proceedings are to be recorded, the officer must return them, and it is held that they must show that the requirements of the statute for transferring the property have been complied with. (U. S. v. Slade, 2 Mason, 75; Williams v. Amory, 14 Mass. 20; Metcalf v. Gillett, 5 Conn. 400.) But a different rule prevails where lands are sold upon execution, as in Missouri. The general doctrine upon the subject is given by the Supreme Court of the United States in Wheaton v. Sexton, 5 Wheat. 503. An action of ejectment was brought by the purchaser, who was also the creditor, and the defense was set up that the marshal failed to return his proceedings. The court held that to be no defense, and the judge said: "The purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal. Whether the marshal sells before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ is duly issued and the levy made before the return." Long before this, in Jackson v. Sternberg, 1 Johns. Ch. 153, the Supreme Court of New York held that it made no difference, so far as the sale was concerned, whether the sheriff's return was correct, or whether he made any return. This has been the general doctrine, and those cases are quoted as authority in the later opinions. No different ruling, so far as the return is concerned, has been had in Missouri, nor is there anything in our statute that would call for one. The objection, then, that the evidence contradicted the return, was not well taken.

It is claimed, however — and this is the real question — that as

our statute (Gen. Stat. 1865, ch. 160, § 54) requires certain recitals in the deed, the facts must be recited truly. The requirement is plain, and among them must be " the time, the place, and manner of sale." To require clerical accuracy in all the recitals of the deed, when it shows that the requirements of the statute have been complied with, and when in fact they have been complied with, would often work great hardship. In the case at bar, the decision of the question one way or the other is of but little consequence; as, if the case is sent back, the sheriff will be permitted to amend his return, and may make a new deed, which will relate back to the day of the levy, and save the purchase. But in investigations of title, questions based on these recitals are likely to arise many years after the event, and too late to directly remedy any mistake made in them. Some reasonable rule should therefore be adhered to — one consistent with the requirements of the statute, and one that should not unnecessarily subject our titles to the chance of clerical blunders when those requirements have been followed.

This general subject has been frequently under consideration. I need not refer to authorities in those States where special recitals are not expressly required, for it may reasonably be said that they ought not to control the positive requirements of our statute. But I find the same spirit of liberality, the same regard to substance rather than form, almost universally prevalent. In Ohio the statute requires a recital of the executions or their substance, the names of parties, amount of judgment, and date of term when rendered; and yet the courts of that State have uniformly sustained the deeds of the sheriff, although the recitals are informal, and some of them omitted. The case of Armstrong v. McCoy, 8 Ohio, 128, and Perkins v. Dibble, 10 Ohio, 433, are referred to by Judge Scott in Tanner v. Stine, 18 Mo. 580 ; and while he criticises them somewhat, I do not understand him as questioning their authority. The decisions in both cases are, in substance, that the statutory requirements in regard to the recital of a sheriff's deed are peremptory, and to be followed in detail only so far as they are necessary to show the officer's authority to sell, and that a mis-recital of the execution will not

avoid the sale. In the first case Judge Grimke remarks: "It is true, our statute declares that the execution shall be recited, and it is often very difficult to distinguish between those ceremonies which are directory to the officer and those which are essential to the title. If any one general rule may be laid down, it is that every pre-requisite which can be considered as constituting the foundation of title is essential and indispensable, and that whatever does not partake of that character is merely directory. The word 'recite' was used in the statute long after it had obtained a technical legal meaning when applied to deeds. I refer to the well-known maxim that recital· is not a necessary part of a deed." The courts of Kentucky, with a similar statute, are equally liberal in sustaining a sheriff's deed; and in New York, where the statute, though not expressly requiring any recitals in the deed, directs the officer to file with the clerk a certificate of the sale, it is held that the requirement is directory, is not a condition precedent, and that a failure in that respect does not affect the purchaser's title. (Jackson, etc., v. Young, 5 Cow. 269.)

But our statute goes further than those of Ohio and Kentucky. It is not only necessary to recite the judgment, execution, etc., the authority to sell, but also, as we have seen, "the time, place, and manner of sale." It would, therefore, seem that in Missouri the deed must not only show authority to sell, but also that the sale was made so far according to law. In Tanner v. Stine this court held that a deed which failed to state the date of the sale, or that it was made during a term of the Circuit Court, was invalid for the reason that the statute requiring all such sales to be made "on some day during the term of the Circuit Court for the county," etc., is imperative. This holding is perfectly consistent with the principles in regard to such deeds held by other courts — the difference being in the statutes only. Our statute makes it as necessary that sheriffs' sales be made during a term of court as that judgment be then taken; and it is never pretended that a recital of a judgment, or an execution upon a judgment, entered during vacation or during an impossible term, would sustain a conveyance. It is seen that the recitals of the

sheriff's deed are so far essential that they must show authority to sell, and that the sale was made substantially according to law. Showing this, the deed, *prima facie*, passes the title. But it does not follow that every essential fact or transaction must be recited truly, in all its details, and that a mistake, as of date, is the same as a total omission. This would exclude the toleration of any clerical error, and would be contrary to our whole system. When a date is material — is of the essence of the act — it must be truly given ; but this sale would be just as lawful on the 4th as on the 5th. A distinction should be made between a total omission of a necessary recital, or between such error in it as would render the proceeding invalid, and a clerical mistake that in no way affects the instrument on its face. · Such was the mistake considered in the case of Stewart v. Severance ; and I can see no ground whatever for the alleged difference between the clerical errors of a sheriff and clerk. The same reasons hold why the purchaser should not be affected by the one as the other. The recitals are not his acts, and his deed is good upon its face. The term refers not so much to the character of the officer who makes the mistake, as to the character of the mistake ; and the principle involved in that case is precisely the same as in this. The statute as expressly requires the date of the judgment to be given as the time of the sale, and, besides, an error of the clerk in the date of the judgment is almost of necessity carried by the sheriff into the deed. The fact of a judgment duly rendered, and the fact of a public sale during a term of court, are both material. They are the foundation of the sheriff's deed, and it is worthless without reciting them. · But it is not material whether the judgment be taken or the sale be made one day or another of the term ; hence the mistake in the exact day is an immaterial one. It harms no one. In the case at bar, the deed shows upon its face that the proceedings were legal, as they were in fact; and mere clerical errors, to which all officers are liable, should not, upon an immaterial point, be permitted to invalidate a regular proceeding.

It becomes unnecessary to consider the other matter of defense, and the judgments of the courts below are affirmed. The other judges concur.