LOHMANN v. STOCKE *et al.*, *Plaintiffs in Error.*

1.  **Execution Against Real Estate in Another County :** NOTICE TO DEBTOR.  Revised Statutes, section 2381, which requires notice to be given to defendant when his real estate, situated in a different county from that in which the defendant resides, is sought to be sold under execution, does not apply where the judgment was rendered and the execution issued in the county where the land is situate.

2.  **Depositions.**  Depositions taken in one suit and refiled in a subsequent suit between the same parties, involving the same issue, may properly be read in evidence in the latter suit.

3.  **Fraudulent Conveyance.** The evidence in this case held
sufficient to support the finding of the trial court, that the con-
veyance in controversy was made in fraud of creditors.

*Error to Morgan Circuit Court.*—Hon. E. L. Edwards,
Judge.

Affirmed.

*F. Gottschalk* for plaintiffs in error.

(1) The court erred in overruling the objections
made by plaintiffs in error to the introduction of any
evidence and in overruling their motion in arrest. R.
S., sec. 2381 ; *Ray v. Stobbs*, 28 Mo. 35. (2) The court
erred in admitting illegal evidence. This refers to the
reading of the depositions of witnesses, who were pres-
ent in the court and could be then and there orally
examined ; and as the issues in the present suit and the
former suit wherein said depositions were taken, were
not the same. *Borders v. Barber*, 81 Mo. 636 ; *Priest
v. Way*, 87 Mo. 28. (3) The finding and decree is
against the law and the evidence. The charge in the
petition, that the conveyance was made to the use of the
grantor (Stocke) is not sustained at all by any evidence
whatever. The section under which conveyances to the
use of the grantor are void, does not apply to convey-
ances upon a valuable consideration. *Eaton v. Perry*,
29 Mo. 96. And fraud cannot be inferred from the
·mere fact that the grantor was in debt at the time of the
transfer. *Beckner v. Stine*, 48 Mo. 470 ; *Dougherty v.
Cooper*, 77 Mo. 528. When the transaction on the part
of the vendee is *bona fide*, and for a full and valuable
consideration, the fraudulent intent of the vendor will
not alone render the conveyance void. *Sibby v. Hood*,
3 Mo. 290 ; *Little v. Eddy*, 14 Mo. 160 ; *Byrne v. Becker*,
42 Mo. 264 ; *Ducker v. Chambers*, 57 Mo. 575 ; *Rumbolds*

*v. Parr*, 51 Mo. 592; *Chouteau v. Sherman*, 11 Mo. 585; *Dougherty v. Cooper*, 77 Mo. 532; *Hurley v. Taylor*, 78 Mo. 238. A party in failing circumstances may, with an honest view to pay his debts, convey his property to any one of his creditors in payment of his just debts. *Ames v. Gilmore*, 59 Mo. 537; *Henderson v. Henderson*, 55 Mo. 555; *Dougherty v. Cooper*, 77 Mo. 529, and cas. cit.; *Hurley v. Taylor*, 78 Mo. 238. Fraud will not be presumed, when all of the facts in the case consist as well with honesty and fair dealing, as they do with an intent to defraud. *Dallam v. Renshaw*, 26 Mo. 533; *Rumbolds v. Parr*, 51 Mo. 592; *Henderson v. Henderson*, 55 Mo. 555. And again the sheriff's deed in evidence does not convey to plaintiff anything more than the interest of Valentine Stocke, in the property, on the day of the levy, and that interest was only the equity of redemption. He then had the right to pay off the claim of Mrs. Riethmann, it being a prior encumbrance;—but instead of that, he comes into court, without doing equity himself, and wants the chancellor to assist him, in a speculation, to remove this encumbrance to his own advantage; upon the weight of the testimony, we apprehend the court cannot do so.

*G. A. Wurdeman* for defendant in error.

(1) Transactions between persons occupying intimate and confidential relations are subject to a more jealous scrutiny than those occurring between mere strangers, and the parties are held to fuller and stricter construction of the fairness of such transactions when they conflict with the rights of others. Bump on Fraud. Con. 54, *et seq.; Renney v. Williams*, 89 Mo. 139; *Leavitt v. LaForce*, 71 Mo. 353. (2) Fraud will be inferred from the situation of the parties, and the circumstances surrounding their transactions. *Hopkins v. Williams*, 58 Mo. 201; *King v. Moore*, 42 Mo. 551;

Bump on Fraud. Con. [2 Ed.] 581.   (3) The finding of the court is supported by the evidence, and the Supreme Court will not interfere and reverse such finding unless it is clear it should have been otherwise. *Erskine v. Lowenstein*, 82 Mo. 301; *Parke v. Thompson*, 71 Mo. 565; *Chapman v. McIlwrath*, 77 Mo. 39; *Renney v. Williams*, 89 Mo. 139.

NORTON, C. J.—On the seventh day of April, 1883, plaintiff, as a purchaser at execution sale under judgments rendered against defendant, Stocke, of certain land in Morgan county, instituted this suit. At the date of said sale, the said land was encumbered by a deed of trust executed by defendant, Stocke, to defendant, Traube, as trustee to secure the payment to defendant, Reithman, of an alleged note for thirty-one hundred dollars. Plaintiff, in his petition, alleges that said note and deed of trust were without consideration and were executed for the purpose of defrauding and cheating the creditors of said Stocke, and prays the court to declare them to be void as to creditors, and to cancel the same. The answer of defendants denied all fraud. On the trial of this issue it was found for plaintiff and a decree was entered as prayed for. From this decree defendants have prosecuted their writ of error to this court, assigning for error the action of the court in receiving evidence, and that the decree is against the weight of the evidence.

On the trial defendants objected to the introduction of any evidence, stating as the ground of objection that it did not set forth a cause of action, in that it did not appear that the notice required by Revised Statutes, section 2381, where real estate is situated in a different county from that in which defendant in the execution owning such real estate resides, was given. The objection was properly overruled if for no other reason than that one of the executions on which the sale was made, issued on a judgment which was rendered in the

county where the land sold was situate. In *Harper v. Hopper*, 42 Mo. 124, it is held that the provision of the statute which requires notice to be given to a defendant, where an execution is issued to a county other than that in which he resides, has been uniformly held to apply only to cases where the execution is sent to be levied on land in a county different from that in which the judgment was rendered and execution issued. *Harris v. Chouteau*, 37 Mo. 165 ; *Buchanan v. Atchison*, 39 Mo. 503.

It appears from the record that, in January, 1878, defendant, Stocke, being in failing circumstances and largely in debt, executed a deed of trust conveying the land in question to defendant, Traube, who was his son-in-law, as trustee, to secure the payment of a note to one Heisel for thirty-five hundred dollars ; that, on the fifth of March, 1881, Traube, as trustee, sold the land, and Susanna Reithman, one of these defendants, and the sister of Stocke, became the purchaser, and received a deed from the trustee. Lohman, the plaintiff in this suit, as a creditor of said Stocke, instituted a proceeding in equity returnable to the October term, 1881, of the Morgan county circuit court assailing this deed, making said Heisel, Stocke, Traube, and Mrs. Reithman parties, and charging them with a fraudulent conspiracy in the execution of said deed of trust concerning the land, its sale, and the deed made to Mrs. Reithman, to defeat the creditors of said Stocke in the collection of their debts. All of the defendants in this suit were defendants in that, and all appeared and answered. Depositions were taken in said suit by each side, some of which were refiled in the present suit and read in evidence, some by plaintiff and some by defendant.

In the suit above referred to, the court found the fraud as alleged and cancelled the deed made by Traube to Mrs. Reithman. It further appears that said Stocke made a second deed of trust conveying the said land to

said Traube, as trustee, to secure the payment of a note to Mrs. Reithman for the sum of thirty-one hundred dollars. This deed is dated October 19, 1879, but not acknowledged till the fifth of March, 1880, nor recorded till the ninth of March, 1880, six days before the rendition of the judgment against Stocke; on which an execution issued, and under which plaintiff became a purchaser of said land at a sale made by the sheriff of Morgan county in April, 1883, and received a sheriff's deed, and instituted this suit to set aside said second deed of trust from Stocke to Traube, trustee, to secure the payment of said Stocke's note to Mrs. Reithman, making said Stocke, Traube, and Reithman defendants.

On the trial, the depositions of Traube, Heisel, Stocke, and Reithman, taken in the first suit and refiled in this, were read in evidence over the objection of defendants, and the action of the court in this respect is complained of as error. Depositions taken in one suit between the same parties, and refiled in a subsequent suit between the same parties, involving the same subject of enquiry and dispute, may be properly read in evidence. *Priest v. Way*, 87 Mo. 16. Besides this the record shows that the defendants also offered and read in evidence certain depositions taken in the same cause, and having adopted the same course pursued by plaintiff, ought not now to be heard to complain.

The evidence shows that Stocke, who lived in St. Louis, was heavily embarrassed and insolvent; that Traube, the trustee, was his son-in-law; that Mrs. Reithman, who is the sister of Stocke, lived in a village in Illinois with a population of about two hundred persons, and kept a boarding-house; that her husband had died some time previous leaving an estate insufficient to pay his debts; that the value of Mrs. Reithman's personal property, goods, etc., from 1877 to 1881, was about two hundred dollars. It also shows that,

on the fifth of March, 1880, when Stocke acknowledged the deed of trust, he requested the notary to date the acknowledgment back to the date of the deed in 1879. Besides this the evidence, of Mrs. Reithman, as well as that of Traube and Stocke, taken in the first suit, as well as that given by them in the second suit, in regard to these transactions, was evasive, unsatisfactory, and contradictory, and indicative of the fraudulent combination alleged, and which the court having the witnesses before it found to exist.

After a careful examination of the evidence we find nothing in it to justify an interference with the judgment. All concur, except Ray, J., absent.