Owen v. Baker.

OWEN, *Plaintiff in Error*, v. BAKER.

| 101 | 407 |
| 117 | 211 |
| 101 | 407 |
| 125 | 38 |
| 101 | 407 |
| 131 | 393 |
| 101 | 407 |
| 157 | 556 |

1. **Sheriff's Deed :** EVIDENCE. A sheriff's deed is not inadmissible in a collateral proceeding upon the ground that it recites a judgment against three defendants and a direction to levy against one of them only, where the levy was actually made upon the land of the defendant named, and it was sold accordingly.

2. **Sheriff's Deed, Recital In:** DATE OF JUDGMENT LIEN. Where the law fixes the date of the beginning of a judgment lien, the sheriff cannot change such time by a recital in his deed to the effect that the execution purchaser's title shall begin at a later period.

3. ———— : ACKNOWLEDGMENT. Where, by the law in force at the time, the clerk of the circuit court is also recorder of deeds, a sheriff's deed will not be *held* invalid because of the addition in the acknowledgment of the word "recorder" after the name of the clerk.

4. **Offices and Officers:** PRESUMPTION. The presumption always prevails, in the absence of evidence to the contrary, that public officers rightly perform their duties.

5. **Conveyance:** ACKNOWLEDGMENT. Reference may be had to the language of the conveyance in support of the certificate of acknowledgment.

*Error to Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

REVERSED AND REMANDED.

THIS is an action of ejectment for a tract of land in Bates county.

The petition is in usual form; the answer, a general denial. It was mutually conceded that defendant was in possession at the beginning of this action, and James Sullivan the common source of title.

After evidence of the rental value of the land plaintiff offered a sheriff's deed which the court excluded. This led to plaintiff's taking a nonsuit with

leave.   Thereupon plaintiff sued out this writ of error after the proper motions for review had been disposed of and exceptions saved in the circuit court.

The sufficiency of the conveyance mentioned is the only question presented.   It reads as follows:   "This indenture made and entered into this twenty-first day of November, eighteen hundred and forty-two, between William P. Burney, sheriff of Van Buren county, in the state of Missouri, of the first part, and William R. Owen, of the county of Henry and state of Missouri, of the other part, witnesseth that, whereas, on the seventh day of October, 1842, a certain writ of execution did issue formal out of the circuit court of Van Buren county in the state of Missouri, to the sheriff of Van Buren county directed, reciting that, whereas, on the twenty-second day of March, in the year of our Lord 1842, at our Van Buren circuit court, William R. Owen hath recovered against James Sullivan, William Sullivan and Mason Sullivan the sum of seventy-five dollars and forty-seven cents for his debts, and also for his costs.   The sheriff was, therefore, commanded that of the goods and chattels and real estate of the said defendant he cause to be made the debt and cost aforesaid, and that he certify how he executed the said writ, and whereas, the said sheriff on the tenth day of October eighteen hundred and forty-two, in pursuance of the command therein contained, the said sheriff levied the same upon the lands of James Sullivan and of the said defendants lying and being in the county of Van Buren, to-wit:   The southwest quarter of the southeast quarter of section twenty-three, township forty-one, range twenty-nine.

"And whereas, the said sheriff did afterwards proceed to give at least twenty days' notice by six hand bills put up in public places in different parts of the county of Van Buren containing a description of the lands to be sold and the time and place of the sale, and whereas in pursuance of said notice the said sheriff

did on the first day of the November term of Van Buren circuit court, 1842, between the hours of nine o'clock in the forenoon and five o'clock in the afternoon, offer for sale by public auction for ready money at the court-house door in the town of Harrisonville in Van Buren county the said land of the said James Sullivan, one of said defendants, to the highest bidder, William R. Owen became the purchaser, for the sum of thirty-five dollars, it being the highest and best sum bid for the same. Now, therefore, I, the said William P. Burney, sheriff of Van Buren county aforesaid, for and in consideration of the sum of thirty-five dollars to me in hand paid, the receipt whereof is hereby acknowledged, do hereby and by these presents convey unto the said William R. Owen the lands aforesaid, and all the right, title and interest which the said James Sullivan had in and to said land, on the twenty-first day of November, 1842, to have and to hold the land aforesaid, unto him, the aforesaid William R. Owen, and his heirs and assigns forever, in as full and absolute a manner as I, the said William P. Burney, sheriff of Van Buren county aforesaid, could or ought to do. In testimony whereof I, the said William P. Burney, sheriff of Van Buren county, as aforesaid, have hereunto set my hand and seal the day and year aforesaid.

"[ Seal.]          WILLIAM P. BURNEY,
"Sheriff of Van Buren county."

"STATE OF MISSOURI, ⎱ ss.
"County of Van Buren. ⎰

"Be it remembered that on the seventh day of October, in the year of our Lord, 1843, personally appeared in open court William P. Burney, sheriff of Van Buren county, who is personally known to the court here to be the person whose name is subscribed to the within and foregoing deed as a party thereto, and acknowledged the said deed to be his act and deed for the purposes therein mentioned. In testimony whereof

I have hereunto set my hand and the seal of said court at office at Harrisonville, this eleventh day of October of A. D. 1843.                    JAMES C. JACKSON,
                                        "Recorder.

"Note:—The foregoing instrument of writing was delivered to me for record on the seventh day of October, A. D. 1843; and by me duly recorded this thirty-first day of October, 1843.

                        "JAMES C. JACKSON,
                                    "Recorder."


*John T. Smith* and *James B. Gantt* for plaintiff in error.

(1) The only matters for the consideration of the court are the objections made to the sheriff's deed offered in evidence. The objections of the defendant to the introduction of the deed are of two classes. The first applies to alleged irregularities in the body of the deed; the second to the sufficiency of the certificate of acknowledgment. The objections of the first class, which are more technical than serious, are fully disposed of in the following cases: *Jackson v. Jones*, 9 Cowen, 182; *Jackson v. Streeter*, 5 Cowen, 529. (2) The objections to the sufficiency of the certificate are not specific, and should not have been considered by the court; but, waiving that matter, we submit that the court in this case should presume that the open court, in which the sheriff acknowledged said deed as is shown in the certificate, was the circuit court, and the seal affixed to said certificate was that of the circuit court. *Long v. Mining & Smelting Co.*, 68 Mo. 431; *Hammond v. Gordon*, 93 Mo. 223; *McCoy v. Cassidy*, 96 Mo. 429. (3) The officer's failure to state his official character in his certificate is not fatal. *Carpenter v. Dexter*, 8 Wallace (U. S.) 513; *Shultz v. Moore*, 1 McLean (U. S.) 520; *Bennett v. Paine*, 7 Watts, 334; *Scott v. Galliger*, 11 S. & R. (Pa.) 347. (4) In ascertaining the court

before whom the deed was acknowledged and the officer who certified it, the body of the deed itself may be referred to. *Brooks v. Chaplin,* 3 Vermont, 281 ; 23 Am. Dec. 508.   Or part of the certificate itself, such as the caption, the seal, etc.   *Sidwell v. Birney,* 69 Mo. 144 ; *Robidoux v. Casselegi,* 10 Mo. App. 516.

*P. H. Holcomb* for defendant in error.

Plaintiff's title rested wholly on the sheriff's deed to him, purporting to have been made November 21, 1842, and acknowledged October 7, 1843.   This deed was properly excluded from evidence, because :   *First.* It recites a judgment rendered against three persons, James, William and Mason Sullivan ; and the execution is directed to be levied against "said defendant," not designating which, nor is either of the Sullivans designated as "defendant" in the judgment recited in the deed.   The execution, as recited, fails to show upon whose property it is to be levied.   This is necessary.   *Douglass v. Whiting,* 28 Ill. 362 ; Freeman on Executions, secs. 42, 329, 334.   What the execution should contain.   R. S. 1840 ; Executions, secs. 2 and 5. What this deed should recite.   R. S. 1840, sec. 45 ; *Wilhite v. Wilhite,* 53 Mo. 71.   It is not necessary to cite authorities that the recitals of a sheriff's deed are *prima facie* true.   *Second.*   The sheriff's deed is void because not acknowledged as the statute required. R. S. 1840, Executions, secs. 46 and 47.   The statutes of 1845, relating to executions and sheriff's deeds, are substantially the same as the statutes of 1840, under which the deed in question was made.   So far as the execution and acknowledgment of the deed is concerned the statutes have remained the same up to the present time.   A sheriff's deed if defectively acknowledged conveys no title.   *Ryan v. Carr,* 46 Mo. 483; *Adams v. Buchanan,* 49 Mo. 64 ; *McClure v. McClurg,* 53 Mo. 173.   *Third.*   The deed affirmatively limits the

title conveyed to plaintiff to be the interest that Sulli-
van had in the land on November 21, 1842. Then the
deed conveyed no title as Sullivan had conveyed away
all his interest to Nicholas Page, under whom defend-
ant claims, on October 21, preceding. This last con-
veyance was admitted, as the record shows.

BARCLAY, J.—The admissibility in evidence of the
sheriff's deed, set forth in the statement accompanying
this opinion, is denied on several grounds, which will
be considered in their order.

I.   It is claimed that it recites a judgment against
three defendants and a direction to levy against one
only.

As the levy was actually made on the land of James
Sullivan, the one defendant named, and his land sold
accordingly, the error or irregularity, if any there is,
in the recital in this particular, is not such as to vitiate
the sale in a collateral proceeding. *Blake v. Blanchard*,
48 Me. 297; *Morse v. Dewey*, 3 N. H. 535.

II.   Next it is asserted that the deed affirmatively
limits the title conveyed to such interest as James
Sullivan had therein, November 21, 1842, while it is
admitted that he had conveyed away his interest in the
land levied upon to Mr. Page, October 21, 1842.

But the judgment (on which the sale was predi-
cated) was of date in March, 1842, and the law then in
force provided that the lien of judgment should begin
when the latter was rendered (R. S. 1835 [3 Ed.] 1840,
p. 339, sec. 3), and that upon execution might be sold
the "real estate whereof the defendant, or any person
for his use, was seized in law or equity on the day of
the rendition of the judgment, order or decree, whereon
execution issued, or at any time thereafter." R. S.
1835 [2 Ed.] 1840, p. 256, sec. 17.

The sheriff's deed recites a levy on James Sullivan's
lands, and purports to convey them, but then adds in

substance that the interest conveyed dates from November 21, 1842, only. It was not within the power of the sheriff making the sale to limit the meaning of his general transfer of defendant's title by such an addendum. The law gave an effect to the general terms used in the conveyance by passing such estate as the execution debtor had at the time of the judgment, and the further language used did not destroy that effect.

Even in respect to the recitals which the law directs to be made ( R. S. 1835 [ 2 Ed.] p. 259, sec. 45) it is not every error or mistake that will vitiate such a conveyance collaterally ( *Buchanan v. Tracy*, 45 Mo. 437); but only such as affect the power to sell and regularity of the sale. *Buchanan v. Tracy*, 45 Mo. 437.

III. Another objection to the deed in question relates to the sufficiency of its acknowledgment. The statute required it to be made before the circuit court of the county wherein the estate was situated, and that the clerk of said court should indorse upon such deed a certificate, etc., "under the seal of the court." It is claimed that the acknowledgment does not comply with the law in these particulars.

Under the statutes then in force, the clerk of the circuit court was also recorder of deeds. R. S. 1835 [ 3 Ed.] p. 525, sec. 2.

Of this fact our courts will take judicial notice, as part of the history of legislation in this state. Jackson, who signed the certificate, was recorder only by virtue of his office as circuit clerk. His description of himself, therefore, as recorder indicated likewise that he was circuit clerk, and, with the recitals in the acknowledgments, make it clear that it was taken by him as clerk. As circuit clerk, he was authorized to take the acknowledgment, but, as recorder, he had no such authority. R. S. 1835 [ 2 Ed.] p. 120, sec. 8.

The presumption always is, in the absence of any showing to the contrary, that public officers perform

their duties rightly. In this case the acts of the sheriff and court, described in the certificate of Jackson, were valid if performed before him as circuit clerk, but not as recorder.

Had the word "recorder" (after his signature) been omitted, the matter would be too clear for discussion. We regard it in the present instance as a mere description of the official person whom the law also designated as circuit clerk, as well as recorder.

In support of a certificate of acknowledgment, reference may be properly made to the language of the conveyance itself. *Carpenter v. Dexter*, 8 Wall. 515; *Chandler v. Spear*, 22 Vt. 388; *Bradford v. Dawson*, 2 Ala. 203; *Sharpe v. Orme*, 61 Ala. 263; *Wells v. Atkinson*, 24 Minn. 161. By giving proper force to it, and to the presumptions attaching to the acts of public officers, we have no doubt of the validity of the acknowledgment in the particular referred to.

That the deed and certificate sufficiently show that the acknowledgment was made before the circuit court of Van Buren county is settled by the ruling in *Sidwell v. Birney*, 69 Mo. 144.

In fine, we regard the objections assigned to the admission of the deed untenable. They should be overruled. Hence we all agree that the judgment be reversed, and the cause remanded for further proceedings.