CALLAHAN v. DAVIS *et al., Appellants.*

### Division Two, November 20, 1894.

1. **Ejectment**: PENDENCY OF ANOTHER SUIT.   It is no bar to an action of ejectment that another action of the same kind for a like purpose is pending between the parties when the second suit is brought.

2. **Tax Deed**: COLLECTOR: TOWNSHIP ORGANIZATION.   Under the township law of 1872 (Acts, 1872, p. 210) providing that the county treasurer shall be *ex officio* county collector, with power to collect taxes and to sell lands for nonpayment thereof, a tax deed executed by him as collector merely, and not as treasurer and *ex officio* collector, is void on its face.

*Appeal from Nodaway Circuit Court.*—E. A. VINSON-HALER, *Esq.*, Special Judge.

AFFIRMED.

*J. W. Peery* and *T. J. Johnston* for appellants.

(1)   The sale of the land in this case was made by P. J. Keeler, October 4, 1875, and the deed executed by him January 24, 1879.   It therefore appears that at the time of the sale P. J. Keeler was collector of the revenue of Nodaway county, by virtue of his office as treasurer of said county; and at the time he executed the deed P. J. Keeler was collector of said county by virtue of his appointment by the county court.   When it is remembered that he was not making the sale as treasurer, but as collector; that the official functions he was then discharging related to his duties as collector of the revenue and not as treasurer; and further, that no officer is by law required to recite the source of his official authority, or the tenure by which he holds the office in any official act or document, but that courts take judicial notice of the powers, tenure, duties, and authority of public officers, and that every presumption

is indulged in favor of the regularity of their proceedings, and that courts always presume that they act within the scope of their official authority, we do not see how this court can hold this deed invalid upon the point under consideration without in effect overruling all of the following cases: *State ex rel. v. Gates*, 67 Mo. 139; *Becker v. Washington*, 94 Mo. 375; *Owens v. Baker*, 101 Mo. 407; *Mitchner v. Holmes*, 117 Mo. 211. "The presumption is that one who has proved to have acted in an official capacity possessed the necessary and proper authority." Lawson on Presumptive Evidence, rule 13, page 47, *et seq.* and cases cited. "The presumption is that public officers do as the law and their duty requires them." Lawson on Presumptive Evidence, rule 14, page 53, *et seq.* and cases cited. *Wickershorn v. Woodbeck*, 57 Mo. 59. (2). Our courts will take judicial notice, as part of the history of legislation in this state, that clerks were also *ex officio* recorders, and that signing himself as recorder indicated that he was circuit clerk. *Owen v. Baker*, 101 Mo. *loc. cit.* 413; *Becker v. Washington*, 94 Mo. *loc. cit.* 380; *Wetherbee v. Dunn*, 32 Cal. 106; *Lanfear v. Mastier*, 89 Am. Dec. 182; *Spear v. Ditty*, 9 Vt. 282; *Sheldon v. Coates*, 10 Ohio, 278; 1 Rice on Evidence, p. 25. (3) The court erred in holding that the pendency of another action theretofore instituted by the plaintiff against the same defendants, to recover the same premises, did not abate this one nor prevent plaintiff from prosecuting the same. This objection not appearing on the face of plaintiff's petition in this case, was pleaded in defendant's answer. *Arthur v. Richards*, 48 Mo. 289.

*P. L. Growney* for respondent.

(1) An officer acting officially on paper should designate his office as it is known to the law. *Spurlock*

*v. Dougherty*, 81 Mo. 171; *Robinson v. Jones*, 71 Mo.
582; *State v. Hays*, 78 Mo. 606; *Howard v. Heck*, 88
Mo. 456. (2) The tax deed is void on its face. *Kinney
v. Forsythe*, 96 Mo. 414; *Ewart v. Davis*, 76 Mo. 129;
*Mason v. Crowder*, 85 Mo. 526; *Duff v. Neilson*, 90 Mo.
93. Being void on its face the limitation statute does
not apply. *Mason v. Crowder*, 85 Mo. 526; *Callahan v.
Davis*, 90 Mo. 78.

BURGESS, J.—This is an action of ejectment for the
recovery of the possession of the east half of the south-
east quarter of section 14, township 63, range 35, in
Nodaway county, Missouri. The petition is in the
usual form and the answer a general denial, except that
it admitted possession in defendants and alleged that
on the twenty-eighth day of May, 1881, the plaintiff
instituted a suit in ejectment against the same defend-
ants to recover the same land, and which suit has been
twice tried, and was still pending in said court unde-
termined; and, as a special defense, that on the twenty-
fourth day of January, 1879, the collector of revenue
of said county, under a sale theretofore made on the
fourth day of October, 1875, under a judgment of the
county court, for taxes, made and executed a deed to
Talbott and Morehouse, which deed was in due form,
acknowledged and recorded in the recorder's office in
said county on the twenty-fifth day of January, 1879;
and conveyances from said Talbott and Morehouse and
Mrs. Belle Talbott, all in due form and of record, to
the defendants, conveying said land to them; then
actual possession of said land from and after the first
day of December, 1881, until the filing of their said
answer, and alleging that said tax deed was in statu-
tory form, properly executed and recorded in said
county more than three years next before the com-
mencement of plaintiff's said suit; and that by virtue

of section 221, article 1, chapter 118, 2 Wagner's Statutes of Missouri, the plaintiff's action was barred.

The case has been twice before this court and will be found reported in 90 Mo. 78 and 103 Mo. 444.

It was tried the last time upon the following agreed statement of facts, which, after the formal part, shows that defendant's first amended answer was filed June 18, 1888, setting forth as a defense a general denial, and then proceeds as follows:

"*First.* Another action pending by the same plaintiff, against the same defendant, for the same land, commenced on the twenty-eighth day of May, 1881, and still pending and undetermined in this court.

"*Second.* That the defendants were, on the first day of December, 1881, but never prior thereto, and still are, in possession of said premises, claiming the same through mesne conveyances from Perry H. Talbott and Albert P. Morehouse, who claimed under a tax deed dated the twenty-fourth day of January, 1879, and duly recorded on the twenty-fifth day of January, 1879, and that more than three years had elapsed from the recording of said tax deed before the commencement of this suit, to which answer plaintiff filed reply, denying new matter of answer.

"*Third.* The facts are admitted to be as follows, to wit:  The land was patented by the United States to one Alonzo Thompson, and through mesne conveyances plaintiff, on the twenty-fifth day of April, 1881, acquired the title in fee to two hundred and three two hundred and forty-thirds of said land, by deed in due form, and ever since has been such owner, except as his title may be affected by what follows:

"*Fourth.* Defendant's title. *First.* On the fourth day of October, 1875, the land in controversy was sold by one P. J. Keeler, collector of the revenue

of the said county for taxes in 1874, to Talbott and Morehouse; who, afterward, to wit: January 24, 1879, executed to them a tax deed, as such collector, in words and figures following, to wit:

" 'TAX DEED—DELINQUENT SALE.

" 'Know all men by these presents, that whereas, at the July term, 1875, of the county court of Nodaway county, a judgment was obtained in said court in favor of the state of Missouri, against the following described tracts of land, situate in said county of Nodaway and state of Missouri, viz.:

| No. of tract. | Quantity of acres. | 100 | Parts of sections, No. of survey, towns, cities and additions. | Number of section. | Number of township. | Number of range. | Years for which taxes are due. | Amount of taxes, interest and penalty. |
|---|---|---|---|---|---|---|---|---|
| 1 | 80 | | w ½ of sw | 13 | 63 | 35 | 1874 | $13 02 |
| 2 | 80 | | ¼ e ½ of the se ¼. | 14 | 63 | 35 | 1874 | $12 87 |

" 'for the sum of money set opposite each tract of land respectively, in the above tabular statement, being the amount of taxes, interest and costs assessed upon said tracts, respectively, for the years set forth opposite each tract in the above tabular statement, amounting in the aggregate to $25.89; and, whereas, on the fourth day of October, A. D. 1875, P. J. Keeler, collector of the county aforesaid, by virtue of a special execution issued out of the county court of the county aforesaid, dated the twenty-third day of July, A. D. 1875, and to the collector of said county directed, did expose to public sale, at the courthouse, in the city aforesaid, in conformity with all the requisitions of the statute in such case made and provided, the tracts of land above described, for the satisfaction of the judgment so rendered as aforesaid; and whereas, at the

time and place aforesaid, Talbott and Morehouse, of the county of Nodaway and state of Missouri, having offered to pay the aforesaid sum of $13.02 for all of the first tract above described, and the sum of $12.87 for all of the second tract above described, which was the least quantity bid for the fractional portion of each of above described tracts, was stricken off and sold to Talbott and Morehouse.

" 'Now, therefore, I, J. P. Keeler, collector of Nodaway county, for and in consideration of the premises and of the said sum of $25.87, to the collector of said county as aforesaid, in hand by said Talbott and Morehouse, at the time of the aforesaid sale, and by virtue of the statute in such case made and provided, have granted, bargained and sold and by these presents do grant, bargain and sell unto the said Talbott and Morehouse, their heirs and assigns the above described tracts of land, viz.:

| No. of tract. | Quantity unsold part. | Parts of section, No. of survey, towns, cities and additions. | No. of section. | No. of twp. | No. of range. |
|---|---|---|---|---|---|
| 1 | 80 | West half of the southeast quarter | 13 | 63 | 35 |
| 2 | 80 | East half of the southeast quarter | 14 | 63 | 35 |

" 'To have and to hold unto Talbott and Morehouse, their heirs and assigns forever; subject, however to all the rights of redemption provided by law.

" 'In witness whereof I, P. J. Keeler, collector as aforesaid, have hereunto subscribed my name and affixed my seal this twenty-fourth day of January, A. D. 1879.              P. J. KEELER, [SEAL]

" 'Collector of Nodaway county, Missouri.'

" Which deed was duly acknowledged January 24, 1879, and recorded January 25, 1879, in the recorder's

office of Nodaway county, Missouri, in Deed Book 50, at page 540.

"*Second.* A quitclaim deed dated November 4, 1879, by A. P. Morehouse to Perry H. Talbott, being the parties mentioned in said tax deed.

"*Third.* The will of Perry H. Talbott, duly probated, empowering his executrix, Mrs. Belle Talbott, to sell and convey the said premises.

"*Fourth.* A deed dated October 9, 1880, by Belle Talbott, as such executrix, to the defendants. Both of said last named deeds duly acknowledged and recorded.

"*Fifth.* A lease of said premises dated December 1, 1880, by Belle Talbott, executrix, to one James Carroll, and which lease expired December 1, 1881, for which lease term defendants received part of the rent corn; after which last date defendants took possession and are still in possession.

"*Sixth.* First suit commenced. That on the twenty-eighth day of May, 1881, the plaintiff instituted suit in ejectment against these defendants, in this court;—which first mentioned case has been twice tried in this court and is still pending in this court undetermined.

"*Seventh.* It is further agreed that if the plaintiff is legally entitled to prosecute this suit, while he has another prior suit for the same premises still pending in this court undetermined, as mentioned in the sixth specification herein; and the plaintiff's action is not barred by reason of the three years having elapsed after the recording of the said tax deed and before the commencement of this suit, by virtue of section 221, chapter 118, 2 Wagner's Statutes of Missouri, the plaintiff is entitled to recover two hundred and thirty-two hundred and forty-thirds of the land sued for in this case, subject to the sum of $93.45, as redemption money and

interest paid by defendants, and to which they are entitled and which shall be adjudged a lien on said land. In case the finding and judgment be for plaintiff the damages agreed upon is $675, and amount of rents and profits is $14.16⅔. Said tax deed is in fact void by reason of defective procedure in the sale of said land for said taxes in pursuance of which said deed was executed. It is admitted that Nodaway county was under the township organization law from 1872 to 1877 inclusive.                     WILLIAM C. ELLISON,

"Attorney for Plaintiff.

"T. J. JOHNSTON,

"For Davis Bros."

The cause was submitted to the court on said agreed statement, a jury being waived, and the finding was for the plaintiff. Defendants then filed motions for new trial and in arrest, which being overruled, they appealed to this court.

It is contended by defendants that the court committed error in holding that the pendency of another action instituted before the one in hand by the plaintiff against the same defendants, to recover the same property, did not abate this one nor prevent the plaintiff from prosecuting the same. The agreement upon which the case was tried shows that while the first suit was commenced on the twenty-eighth day of May, 1881, and was still pending at the time of the trial of this cause in March, 1892, the defendants herein were not in possession of the land at the time of the commencement of the first suit, and that they were not in possession of it prior to the first day of December, 1881.

An action of ejectment must be brought in the real name of the parties thereto, and against the person or persons in possession of the premises claimed (R. S. 1889, sec. 4629), and it must be shown that at the time of the commencement of the action, the defendants

were in possession of the premises sued for and that plaintiff is entitled to the possession.

It has been held in an action of unlawful detainer for the possession of premises for which there was an action of ejectment pending by the same plaintiff against the same defendant at the time the action of unlawful detainer was instituted, that the pendency of the said action in ejectment could not abate the latter suit brought by the same plaintiff for the same property. *Drey v. Doyle*, 28 Mo. App. 249. They are both possessory actions, and it would seem that the same rule should apply in regard to a plea in abatement in a case where there are two actions of ejectment pending for the possession of the same premises, as in a case where there is an action of ejectment and an action of unlawful detainer pending at the same time for the same premises and between the same parties.

It is well settled in this state that one judgment in an action of ejectment is no bar to the prosecution of another suit for the recovery of the same premises. *Slevin v. Brown*, 32 Mo. 176; *Holmes v. Carondelet*, 38 Mo. 552; *Kimmel v. Benna*, 70 Mo. 52; *Ekey v. Inge*, 87 Mo. 493. The rule is different in regard to other kinds of action in which one judgment between the same parties in regard to the same subject-matter of controversy is a bar to another suit between them, and the pendency of the first suit may be pleaded in abatement to the last one instituted. But as a former judgment or recovery is no bar to a subsequent suit between the same parties, in an action of ejectment, it must necessarily follow that the pendency of another action between the same parties for the same purpose at the time the last suit was brought could not be successfully pleaded in abatement to the last suit. *Hall v. Wallace*, 25 Ala. 438.

A still stronger reason why the pendency of the

first suit should not be held to be a good plea in abatement in this case is the admission by the parties to the record, that at the time of the institution of the first suit the defendants herein were not in possession of the land and no judgment could have been rendered against them for its possession.

There is no pretense that the taxes on the land, for which the sale was made, as set forth in the collector's deed read in evidence, had been paid; or that the land was not subject to taxes; or that it had been redeemed from such tax sale prior to the execution of the deed (2 Wagner's Statutes, sec. 219, pp. 1206 and 1207); and conceding, but not admitting, that sec. 221, Wagner's Statutes, 1872, p. 1207, was not repealed by the revision of 1879, and that it is not in conflict with the constitution of the state, as the land was unoccupied for more than three years from the time said tax deed was placed upon record before the commencement of this suit, plaintiff's right of action was barred, unless the tax deed is void upon its face. *Allen v. White*, 98 Mo. 55; *Hill v. Atterbury*, 88 Mo. 114; *Mason v. Crowder*, 85 Mo. 526.

Section 1, article 17, of the township organization law, laws of 1872, page 209, provides that "every person elected or appointed to the office of county treasurer, shall be *ex officio* county collector," while section 5 of the same article provides that "the county treasurer shall be *ex officio*, county collector, and shall have the same power to collect the taxes on railroads and other corporations, the delinquent or nonresident lands or town lots, and to prosecute for and to make sale thereof, the same as is now or may hereafter be vested in the sheriff or collector, under general laws of this state."

The recitals in the tax deed show that the land was sold and the deed shows upon its face, that it was executed by "P. J. Keeler, collector of Nodaway

county." Under the law it was only by virtue of the authority conferred upon him as treasurer and *ex officio* collector that he could sell the land.

Is, then, the deed void upon its face because of the failure of the collector to execute it as treasurer and *ex officio* collector, instead of collector? He was collector by virtue of his office as treasurer and in no other way. It was only as treasurer and *ex officio* collector that he could sell and convey the land. As collector alone, he had no such power. We can not presume that Keeler was treasurer at the time of the sale of the land and execution of the tax deed by him (*Robinson v. Jones*, 71 Mo. 582; *State v. Hays*, 78 Mo. 606), especially in the absence of any recital upon the face of the deed that such was the case. County collectors and county treasurers and *ex officio* collectors, were at the time separate and distinct officers, having separate and distinct duties to perform (Laws of 1872, sec. 1, art. 17, p. 209; Laws of 1872, sec. 93, p. 102), county collector being an officer in counties where township organization was not in force and county treasurer and *ex officio* county collector in counties where it was in force. The deed seems to be in the form prescribed by the statute, but it does not show upon its face that the land was ever sold by, or that it was executed by, an officer having authority to do either. It is signed and acknowledged by "P. J. Keeler, Collector of Nodaway County." As is said in *Spear v. Ditty*, 9 Vt. 282, "Clearly, this is an official act, and it is difficult to see how anyone can act officially on paper, and not so state on the paper." See, also, *Howard v. Heck*, 88 Mo. 456. If Keeler had simply executed the deed in an unofficial capacity, we do not presume that it would be seriously contended that it would be of any validity, and if not, the mere physical

act of adding "collector" after his name did not convert it into a valid instrument.

This case is clearly distinguishable from *Owen v. Baker*, 101 Mo. 407, in which it was held that, where, by the law in force at the time, the clerk of the circuit court was also *ex officio* recorder of deeds, but which law required such deeds to be acknowledged in open court, and certified to by the clerk thereof, the deed would not be invalid because of the addition in the acknowledgment of the word recorder after the name of the clerk. In that case the law required the deed to be acknowledged in open court and to be entered on its minutes, and it was expressly held that the deed itself might be taken into consideration in determining the validity of the certificate of acknowledgment which was attested by the seal of the clerk of the circuit court who was also by virtue of his office recorder. In this case there is nothing upon the face of the deed or certificate by which one could possibly aid the other.

*Sheldon v. Coates*, 10 Ohio, 278, is more in point, but is not in harmony with the trend of the adjudications of this court in regard to the sale and conveyances of land for taxes, and we do not feel inclined to follow it.

Here eighty acres of land in one of the best counties in the state was sold for the inconsiderate sum of $12.87, and when it is sought to deprive the owner of his title thereto by a tax deed and by invoking the aid of the statute of limitations, of doubtful existence, and, even if not repealed, whose constitutionality is questionable, the deed under which the land is so claimed ought to be clearly and unquestionably valid upon its face. And as there was no such officer in Nodaway county as collector at the time of the sale of land for taxes, and the execution of the tax deed, the deed we think is void upon its face, was not effective for the

purpose of putting in motion the three years' special statute of limitations, and the plaintiff's cause of action under said section was not barred at the time of the commencement of this suit.

At the last April term an opinion was rendered in this case, but upon motion of defendants a rehearing was granted, and subsequently the case was reargued, but we still adhere to the original opinion filed herein, believing that the conclusion reached is correct both upon reason and authority.    The judgment is affirmed. All of this division concur.