OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1913.

*(Continued from Volume 251)*

MILTON W. BRANNOCK, Appellant, v. SAMUEL
McHENRY and MARTHA E. McHENRY.

Division Two, June 28, 1913.

1. QUIETING TITLE: Limitations: Sec. 1884, R. S. 1909: Evidence: Burden of Proof. Where there was no evidence tending to show that plaintiff or those under whom he claims had been out of possession of the land in suit for thirty consecutive years; where there was testimony tending to prove that about thirteen years before the trial, one of plaintiff's predecessors in title was in possession of a part of the land; and where there was no evidence that defendants had ever been in possession of the land, the trial court erred in finding that defendants had acquired title by virtue of Sec. 1884, R. S. 1909. Those are essential conditions to the operation of said statute, and the burden of proof is upon the party claiming under it.

2. ———: ———: ———: Proof of "Lawful Possession." The payment of taxes by defendant and the cutting of timber by his agent were not sufficient to prove "lawful possession" of land as required by Sec. 1884, R. S. 1909.

252 Mo.]          (1)

·3. ———: Proof of Record Title: Defective Sheriff's Deed: Record of Circuit Court. A sheriff's deed which lacks the certificate of the circuit clerk under seal of the court that the deed was acknowledged in open court, conveys no title and is not admissible in evidence as proof of record title. Neither can the defect in such a deed be cured by offering in evidence the record of the circuit court showing that the deed was so acknowledged.

4. ———: ———: ———: How Remedied: Secs. 2237-2239, R. S. 1909. One who claims through a sheriff's deed which is defective in that it does not bear the certificate of the circuit clerk that it was properly acknowledged can proceed in either of two ways, in view of Secs. 2237-2239, R. S. 1909, to procure a new deed. That remedy is exclusive, and a court of equity cannot reform the defective deed.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort*, Judge.

REVERSED AND REMANDED.

*Wilson Cramer* and *R. S. Houck* for appellant.

(1) The indorsement of the clerk's certificate of acknowledgement upon a sheriff's deed is an essential part of the deed, without which it is void. Ryan v. Carr, 46 Mo. 482; Adams v. Buchanan, 49 Mo. 64; Graton v. Land & Lumber Co., 189 Mo. 320. (2) This certificate of acknowledgement cannot be supplied by the clerk's minutes. Samuels v. Shelton, 48 Mo. 444; McClurg v. McClurg, 53 Mo. 173; Lincoln v. Thompson, 75 Mo. 613. (3) A court of equity will not aid in the execution of a statutory power; the statutory remedy is exclusive. Dixon v. Hunter, 204 Mo. 382; Ware v. Johnson, 55 Mo. 503. (4) A purchaser at an execution sale acquires title only upon delivery of a valid deed to the purchaser by the sheriff. Leach v. Koenig, 55 Mo. 453; Blodgett v. Perry, 97 Mo. 275; Land & Lumber Co. v. Bippus, 98 S. W. 547. (5) Non-payment of taxes for thirty years, absence of possession by legal owner for a like period and one

year of actual possession by claimant next before the institution of suit, are prerequisites to the acquisition of title by claimant under Sec. 1884, R. S. 1909. Collins v. Pease, 146 Mo. 140.

*Wammack & Welborn* for respondents.

(1) The appellant's action is barred by the ten years Statute of Limitations. Haarstick v. Gabriel, 200 Mo. 244. (2) The appellant and his grantors abandoned their ownership of this land thirty-five years ago and they should not now be heard to assert any claim to it. Shelton v. Horrell, 232 Mo. 374. (3) The respondents are entitled to a corrected sheriff's deed. Porter v. Mariner, 50 Mo. 364; Land & Lumber Co. v. Franks, 156 Mo. 673; Thornton v. Miskimmon, 48 Mo. 219.

WILLIAMS, C.—This is an action under section 650, Revised Statutes 1899 (Sec. 2535, R. S. 1909), to quiet title to the south half of lot 2, the north half of the south half of lot 3, and the south half of lot 4, section 6, township 27, range 12, in Stoddard county, Missouri.

The petition is in the usual form. The defendants, by their answer, claim title in themselves, and ask for affirmative relief; also plead the ten-year and thirty-year Statutes of Limitation, and laches. The answer also contained a count asking for a new sheriff's deed from the present sheriff as follows:

"Further answering, defendants aver that they verily believe that the only defect urged by plaintiff against said sheriff's sale and deed is the fact, as claimed by plaintiff, that the circuit clerk of said Stoddard county failed to indorse upon said deed his certificate of the acknowledgment by the then sheriff of said county in open court of the execution of said deed; defendants state that the said Ebeneezer G. Liles pur-

chased said lands at said sheriff's sale and paid the sheriff the amount of his bid; that R. M. Fraker, the then sheriff of said county, duly acknowledged his execution of said deed in open court, and that the failure of the clerk to indorse his certificate of said acknowledgment of said deed was simply a clerical omission.

"Defendants state that plaintiff and those under whom he claims, when they obtained title to said lands, did so with full knowledge of the rights of defendants and those under whom they claim in and to said lands, under said sheriff's sale and deed.

"Wherefore, defendants say that they are entitled at law and in equity to an initial sheriff's deed to said premises to be duly executed by the present sheriff and clerk of said circuit court of Stoddard county, and they pray the court for a decree ordering said sheriff and clerk to execute the same to them."

Plaintiff's reply was a general denial.

One John E. Liles was admitted to be the common source of title and the owner of this land prior to December 2, 1871. Plaintiff introduced in evidence a deed executed by said Liles and wife to Walter Phelan, dated October 13, 1894, and a complete chain of conveyances from said Phelan to plaintiff. The defendants then offered in evidence a sheriff's deed to said land, dated December 2, 1871, from Robert M. Fraker, sheriff of Stoddard county, to Ebeneezer G. Liles, reciting that said land was sold under executions issued by the clerk of the circuit court of Stoddard county upon personal judgments against the said John E. Liles. Said sheriff's deed was recorded July 12, 1872, in the recorder's office of said county, but the deed did not bear the certificate of the circuit clerk showing that it was acknowledged by the sheriff as required by law. Over plaintiff's objection, defendants introduced in evidence the record of the Stoddard county circuit court, made by the clerk of that court January 10, 1871, reciting that said Robert M.

Fraker, sheriff, came into open court and acknowledged the execution of said deed, describing the lands and the parties to the judgments upon which executions were issued. Defendants then offered in evidence mesne conveyances from said Ebeneezer G. Liles to Samuel McHenry, defendant herein.

The evidence tended to prove that defendant McHenry had paid the taxes on this land from 1876 down to the time of the trial, that the lands were wild, unfenced timber lands, and that the only portion thereof that had been cleared or cultivated was half an acre in the south half of said lot two, which said half acre appears to have been enclosed in a neighbor's field, and not to have been in possession of either of the parties to this suit or those under whom they claim.

The total land in controversy approximates eighty acres, and comprises three separate, non-adjoining tracts. Defendant did not live in Stoddard county, and does not claim to have had actual possession of the land at any time, but the testimony shows that he owned other lands in that county, lying near but not adjoining this land, upon which he had a tenant, and that he authorized this tenant to go upon the land in controversy and cut such timber therefrom as he might need. There was some testimony that defendant had an agent residing in the county at one time, and that this agent authorized some parties to cut some timber off a portion of this land. How much timber was cut is not shown. Two witnesses testified for defendant that it had been known in that vicinity for the last eighteen years that the land in controversy was defendant's land. The evidence further shows that at the time plaintiff purchased this land, which was on January 28, 1908, he was told that defendant claimed the same by virtue of the above-mentioned sheriff's deed, and that he was apprized of the fact that he would likely have to bring suit to quiet the title.

Plaintiff's testimony in rebuttal tended to prove that he did not have knowledge of the defective sheriff's deed at the time he purchased. Plaintiff's evidence further tended to prove that about thirteen years prior to the institution of this suit, one of his predecessors in title, R. M. Abner, built a house on said lot number two, and lived there a few years, claiming to own all of lots two and three, and another lot not in suit here, being lot number one, all of which lots were contiguous and were embraced in the deed that undertook to convey same to said Abner.

Defendant introduced in evidence the depositions of John E. Liles, in which Liles testified that he was now eight-two years old; that at one time he owned over thirteen thousand acres of swamp and timber land, including the land in controversy, in Stoddard county, and that he paid taxes on the same up until 1876, but paid very little attention to the land in controversy after that time; that he quit paying taxes because he thought the taxes amounted to more than the land was worth. When asked if he abandoned the land, he answered that all that he "ever did in the way of abandonment of the land was just letting the taxes go delinquent;" that after he quit paying the taxes he paid no more attention to the land until Walter Phelan urged him to deed the land to him. He then says, "I quitclaimed all the land I had to Walter Phelan, and he was to work it up and give me half, but my half never came to anything; he never gave me anything."

No declarations of law were requested or given. The court, sitting as a jury, found for defendants, and entered the following judgment:

"Now on this 3rd day of April, 1909, this cause coming on to be heard, and both parties appearing in person and by attorneys, it is submitted to the court for trial. And the court, having seen and heard all the evidence adduced by both the plaintiff and de-

fendants, and being fully advised in the premises, doth find as follows:

"(1)   That defendants claim no title to the following described lands, to-wit:  The south half of the south half of lot three, in section six, township twenty-seven, range twelve east, in Stoddard county, Missouri, and that the title thereto is, as between plaintiff and defendants, in the plaintiff.

"(2)   That the equitable title to the following described lands, to-wit:  The south half of lot 2, the north half of the south half of lot 3, and the south half of lot 4, all in section six, township twenty-seven, range twelve east, in Stoddard county, Missouri, emanated from the government more than ten years before the bringing of this suit, and that neither the plaintiff nor any one under whom he claims has been in possession of or paid any taxes on said real estate, or any part thereof, for more than thirty-one years prior to the bringing of this suit, and that the defendants have been in the lawful possession of said lands for one year and more next before that time.

"(3)   That on the 20th day of May, 1871, one John E. Liles was the owner in fee of the lands last above described; that on said date judgment was rendered in the circuit court of Stoddard county, Missouri, against said John E. Liles, and under said judgment the said lands were duly levied on and sold against said John E. Liles, and were duly purchased at said sheriff's sale by Ebeneezer G. Liles, under whom defendants claim title, who received a sheriff's deed therefor, dated December 2, 1871; that the sheriff who executed said deed duly acknowledged the same in open court, but his acknowledgment thereof was not indorsed by the clerk on the deed; that although said sheriff's deed was thus defective, the grantee in said sheriff's deed, and those claiming under him, were and are entitled, as against said John E. Liles, and those claiming under him with knowl-

edge, through deeds executed by him subsequent to said sheriff's sale, to a duly executed sheriff's deed to said premises, and the court finds that the plaintiff, and those under whom he claims, claim title to said lands under said John E. Liles, through deeds executed by him subsequent to said sheriff's sale, and that they obtained their said title to said lands with full knowledge of all the rights of defendants, and those under whom they claim, in and to said lands under said sheriff's sale and deed.

"It is therefore ordered and adjudged by the court that the title to the said south half of the south half of said lot 3 be, and the same is hereby, confirmed and quieted in the plaintiff.

"It is further so ordered and adjudged that the present sheriff and clerk of this court execute to the defendant a sheriff's deed in due form to the said south half of lot 2, the north half of the south half of lot 3, and the south half of lot 4, all in said section six, township 27, range 12 east, Stoddard county, Missouri.

"It is further so ordered and adjudged by the court that, at the date of the institution of this suit, plaintiff had not, and that he has not now, any title, estate or interest in or to said lands, to-wit: The south half of lot 2, the north half of the south half of lot 3, and the south half of lot 4, of said section six, township twenty-seven, range twelve east, in Stoddard county, Missouri.

"And it is further so ordered and adjudged that the fee simple title to said last-described premises be, and the same hereby is, confirmed and quieted in the defendants, and that plaintiff and all persons claiming by, through or under him, be and they are hereby estopped and forever barred from setting up or asserting any title or estate in or to said last-described premises.

"It is further ordered and adjudged that defendants recover their costs from the plaintiff, and have execution thereof."

From the above judgment plaintiff perfected his appeal to this court.

I. Appellant contends that the court erred in finding that defendant had acquired title to the land in controversy under and by virtue of the provisions of section 1884, Revised Statutes 1909. We think this contention well founded. A careful reading of the testimony discloses no evidence tending to show that plaintiff or those under whom he claims have been out of possession of said land for thirty consecutive years. It was held in Weir v. Lumber Co., 186 Mo. 388, that the record title to wild and vacant land raises the presumption that the possession is in the record owner. On the other hand, there was testimony tending to prove that about thirteen years before the trial of this case, one of plaintiff's predecessors in title was in possession of lots two and three for about five years. Neither is there evidence tending to prove that defendants have ever been in lawful possession of the land in controversy. These are essential conditions to the operation of said statute (Collins v. Pease, 146 Mo. 1. c. 140), and the burden is upon the party claiming under said section to prove those facts. The payment of taxes by defendant and the cutting of timber on different occasions by his agent, was not sufficient to prove "lawful possession" on the part of defendant, as required by section 1884, Revised Statutes 1909. [Weir v. Lumber Co., supra; Nye v. Alfter, 127 Mo. 529; Crain v. Peterman, 200 Mo. 295; Chilton v. Comanianni, 221 Mo. 685.]

*Margin notes:* Limitations: Sec. 1884, R. S. 1909: Proof.

Lawful Possession.

II. Another contention of appellant is, that the
judgment of the court is wholly without evidence to
support it. This brings us to a discussion
of the force and effect of the sheriff's deed

**Sheriff's Deed Defective.** by R. M. Fraker, sheriff of Stoddard county, dated December 2, 1871, which undertook to convey the title of John E. Liles to said lands
to defendants' predecessors in title. This deed was
regular in every way, except that it did not bear the
certificate of the clerk under seal of the court that
the deed was acknowledged in open court, as required
by law. It is well settled in this State that such a
deed conveys no title, and therefore is not admissible
in evidence as proof of record title. [Ryan v. Carr,
46 Mo. 482; Adams v. Buchanan, 49 Mo. 482; Grafton
v. Land & Lumber Co., 189 Mo. 322.] Neither can the
defect in such a deed be cured by offering in evidence
the record of the circuit court showing that said deed
was so acknowledged. [Samuels v. Shelton, 48 Mo.
444; Adams v. Buchanan, supra; McClure v. McClung,
53 Mo. 173.] Under the state of facts shown by the
record in this case, the situation is the same as though
no proper deed had ever been made by Sheriff Fraker. In that predicament, respondent had at least one
of two ways open to him: 1. If Sheriff Fraker is alive,
and bears none of the disqualifications mentioned in
section 2239, Revised Statutes 1909, he would have
the right to execute a new deed to defendant, correcting the defect of the former deed, without any order
from the court so to do. [Land & Lumber Co. v.
Franks, 156 Mo. 673, and cases cited therein; Smith
v. Vickery, 235 Mo. 413; Butler v. Imhoff, 238 Mo.
584; Sec. 2237, R. S. 1909.] 2. If Sheriff Fraker be
either dead, removed from office, disqualified, or has
removed from the State, then, upon defendant's making the showing required by section 2239, Revised
Statutes 1909, "the court out of which the execution
issued" will order the present sheriff to execute, ac-

knowledge and deliver a new deed to the purchaser, or the person claiming by, through or under him. [Land & Lumber Co. v. Franks, supra.] When the situation is such as to call for the application of the above statutory remedy, that remedy is exclusive, and a court of equity cannot reform the defective deed. [Dixon v. Hunter, 204 Mo. 382.]

While it would constitute no valid defense to the merits of the case, yet we would not say that it is improper in a suit involving the present state of facts that defendant state in his answer facts sufficient to show that he is entitled to have a new deed made, so that the court may be apprized of the exact situation; for it would certainly be within the discretion of the trial court, upon proper application and showing, to grant a stay of the original proceeding for a time sufficient to allow the party a reasonable opportunity to procure a new deed in proper form; but that portion of the judgment in the case at bar which orders the present sheriff to execute a new deed certainly can be of no help to respondent here. The only way that title to land can be conveyed when sold by a sheriff is by sheriff's deed, executed in the form and manner required by law, and the deed itself is the proper evidence of that fact. The court's order on the sheriff to make a new deed, even if the order were properly made, could not be used in lieu of a deed. In the case at bar no new deed appears to have been made. At least, none is found in the evidence.

The facts disclosed by the evidence would not even authorize the court to order the present sheriff to make a new deed. There was no showing that Sheriff Fraker was dead, or, if alive, that he bore any of the disqualifications enumerated in section 2239, Revised Statutes 1909. From the evidence in the case we cannot tell who would have the right to make the new deed. We would suggest also that the better and safer practice in matters of this kind is to conform to the

requirements of the Code when the Code defines the procedure.

Upon another trial, defendants may perhaps be able to produce and offer in evidence a new sheriff's deed, duly executed and acknowledged, in which event the trial court can then determine whether the plaintiff purchased with such knowledge or notice as will cause the new deed to relate back, and establish title in defendants. We find no evidence in the present record to justify the judgment below upon any theory.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All of the judges concur, *Faris, J.,* in result only.