## F. TITUS, Appellant, v. LOUIS D. TOLLE.

### Division Two, July 16, 1920.

1. **CAUSE OF ACTION: Quieting Title: Injunction.** A petition which alleges that plaintiff is the owner in fee of designated premises and claims title thereto, and sets forth with particularity how his claim of title was derived; which alleges that defendant claims some interest therein, how it is derived and that it is invalid; and which concludes with a prayer that the *status quo* of said premises be maintained, by the injunction theretofore issued, and for general equitable relief, contains sufficient averments to invest a court of equity with jurisdiction to ascertain and determine the title under Section 2535, Revised Statutes 1909.

2. ———: **Necessary Facts.** All that is necessary to state a good cause of action is that the facts constituting it be set forth in plain and concise language, without unnecessary repetition; and in general if such statement is sufficiently definite to inform the defendant what is relied on, the pleading should be upheld.

3. **QUIETING TITLE: Ancillary Injunction.** In a suit to ascertain and determine title, the plaintiff is entitled to an injunction, as incidental thereto, for the purpose of having the court maintain the status until the title can be adjudicated, where defendant has repeatedly taken forcible possession in defiance to plaintiff's alleged title.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED (*with directions*).

*F. Titus* for appellant.

The demurrer to the amended petition herein was improperly sustained in the court below, to the prejudice of appellant's rights. Sec. 2515, R. S. 1909; State ex rel. v. Dearing, 180 Mo. 53, 65. The remedy by injunction exists in all cases where either an irreparable injury to property is threatened or to prevent the doing of any legal wrong whatever, whenever in the opinion of the court and adequate remedy cannot be afforded by an action for damages. Lockwood v. Lunsford, 56 Mo. 75, 78; Turner v. Stewart, 78 Mo. 480; Tie Company v. Stone, 135 Mo. App. 438; American Brewing Co. v. St. Louis, 187 Mo. 381; Ferral v. Bradford, 50 Am. Dec. 296; Sills v. Goodyear, 80 Mo. App. 128.

MOZLEY, C.—This case was certified to this court by the Kansas City Court of Appeals for the reason that title to real estate is involved.

The action is one in equity and the only question presented here for determination is, does plaintiff's amended petition state a cause of action against the defendant?

Plaintiff claims to be the owner of the east 42 feet of Lots 17 and 18, in Phoenix Park, No. 4719 East 26th

Street, Kansas City, Missouri, and that he has been in possession thereof since January 21, 1915. That defendant, Tolle, caused one Russell to invade (against plaintiff's will) and occupy said premises and the residence thereon, claiming to be the lessee of said Tolle, and by force and violence to eject and expel plaintiff therefrom. That Tolle's sole claim to said property is derived through a deed from one E. J. Adams, a woman, resident of Iowa, in 1894, who, it is alleged, never owned any estate in said property, but claimed remotely under one M. D. Leslie. On June 18, 1912, said Leslie executed a deed of trust containing the usual forfeiture clauses by which he conveyed said property in question to secure an obligation of his. For non-payment the deed of trust was forfeited, and a foreclosure sale was had on the 21st day of January, 1915, and plaintiff became the purchaser, took his trustee's deed therefor and took the actual possession of the premises. Shortly after said Russell abandoned the possession of the premises, plaintiff locked the doors of the dwelling thereon, fastened the windows and put padlocks on the out-houses, to prevent further forcible invasion of his premises, but in February, 1915, he found his premises occupied by one Goodman and all of his locks broken. Upon his refusal to deliver the possession to plaintiff, who exhibited his deed to him and demanded that he do so, plaintiff sued Goodman in forcible entry and unlawful detainer before a justice of the peace, but before the day on which the case was to be tried, before said justice, Goodman quit the premises. Plaintiff again took possession of his premises and again secured all doors and openings to the dwelling house thereon, with locks, but shortly thereafter, in March, 1915, one Wingo forcibly took possession thereof under said Tolle. Demand for the return of the possession thereof was made upon said Wingo by plaintiff and refused. Thereafter, upon due complaint by plaintiff before Judge Thomas, then presiding as judge of the assignment division of the circuit court, on

March 11, 1915, a temporary writ of injunction was duly issued against said Tolle and all acting in his behalf, restraining them from entering upon said premises until the further order of the court. Thereupon Wingo quit the possession of said premises, and plaintiff again entered into the possession thereof and again locked the premises as before, and posted notices warning intruders against unlawfully entering therein. Nevertheless shortly thereafter plaintiff found that all of his locks had been removed, as well as the posted notices against trespassing, and his premises occupied forcibly by one W. E. Cooper and family, who claimed to have rented the premises from Cripes and Hanna, agents for-said Tolle. Cooper refused to give up the possession to plaintiff upon demand, and plaintiff sued him before a justice of the peace for forcible entry and unlawful detainer. On the day the case was to have been tried, said Tolle appeared and by his counsel claimed to own the title to the premises. Thereupon the justice, instead of certifying the cause to the circuit court as provided and required by Section 7460, Revised Statutes 1909, proceeded to, and did, render judgment for defendant and taxed the costs against plaintiff.

I. Plaintiff's amended petition sets forth all of the foregoing facts and some others which we deem unnecessary to notice in passing upon its validity as stating a cause of action.

Does the petition state a cause of action? We think it does under the provisions of Section 2535, Revised Statutes 1909: it pleads that plaintiff is the owner in fee of said premises and claims that title, and sets forth with particularity how his claim of title was derived; it sets forth that defendant makes some claim of title or interest therein, and further sets forth, with particularity, how such claim was derived and alleges its invalidity. We think these averments were sufficient to invest the trial court with jurisdiction to ascertain and determine the title thereto be-

tween plaintiff and defendant and to adjudge their relative rights in and to said premises. Plaintiff concluded his petition with a prayer that the *status quo* of said premises be maintained, by the injunction theretofore issued, until the title of said property can be adjudicated, and for general equitable relief.

We think the petition states a cause of action and that the court erred in sustaining said demurrer.

II.   The court's action in sustaining defendant's demurrer and dismissing plaintiff's petition cannot be upheld under our Practice Act or by any of the authorities which deal with the subject.

While the petition may be classed as a little verbose, it nevertheless sets out with sufficient clearness the facts constituting his cause of action and **Necessary Allegations.** which facts, if true, entitle plaintiff to the relief sought.

Mr. Story, in his admirable treatise on equity pleading, states the requirements of a good bill as follows: "It [the bill] should, therefore, show, with reasonable certainty, the rights of the plaintiff; the manner in which he is injured; the person by whom it is done; the material circumstances of the time, and place, manner and other incidents; the particulars in which he wants the assistance of the court or in other words, the relief which he seeks; the prayer therefor." [Story's Equity Pleading (10 Ed.), p. 17, sec. 23; 1 Spelling on Injunction, sec. 5; R. S. 1909, sec. 1794; Spaulding v. Edina, 122 Mo. App. l. c. 68.]

Under the statute, supra, all that is necessary to state a good cause of action is, that the facts constituting it must be set forth in plain and concise language without unnecessary repetition.

In Spaulding v. Edina, supra, it is said: "But in general it is safe to say that if such statement be sufficiently definite to inform the contending party what is relied on, the pleading should be upheld."

In the very nature of things, the rule could not be otherwise, since the fundamental purpose of a petition, in stating a cause of action, is to sufficiently advise the opposite party of the demand made and out of what facts such demand arises. The authorities are all one way on the point and to multiply citations in support thereof would serve no useful purpose.

III. The injunction sought was, as above stated, incidental to the action to quiet the title, and was brought for the purpose of having the court maintain the *status quo* of the premises until the title could be adjudicated. That plaintiff was entitled to have such injunction cannot be questioned. [R. S. 1909, sec. 2515; 22 Cyc. p. 740; Webb v. Cope, 192 S. W. l. c. 935; Tucker v. Wadlow, 184 S. W. l. c. 71; Pomeroy's Equity Jurisdiction (4 Ed.), par. 269, p. 500; High on Injunctions, pars. 372. and 574.]

*Injunction.*

We rule that the court erred in sustaining said demurrer and reverse and remand the cause to the circuit court with directions that the order heretofore made sustaining same be set aside and that plaintiff's petition and the temporary injunction and restraining order made in connection therewith be in all things reinstated and restored to the *status* they occupied before said demurrer was sustained and that said injunction be continued in force so long as it is necessary to maintain the *status quo* of said premises pending the litigation of the title thereto between the plaintiff and defendant.

It is so ordered.

*Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of Mozley, C., is hereby adopted as the opinion of the court. All of the judges concur.