Carlene Mae **KLORNER** et al., Appellants,

v.

James E. **NUNN** et al., Respondents.

No. 46758.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

Harry J. Mitchell, Palmyra, and J. Andy Zenge, Canton, for appellants.

Earl L. Veatch, Monticello, for respondents.

DALTON, Judge.

Action to quiet and determine title, set aside a tax deed, remove cloud and for partition of 138 acres of particularly described real estate in Lewis County, Missouri. Defendants moved to dismiss on the ground that the second amended petition failed to state a claim upon which relief could be granted and because the action was barred by the three year special statute of limitations, Section 140.590 RSMo 1949, V.A.M.S. The motion was sustained and judgment entered for defendants. Plaintiffs have appealed.

It is now contended that the court erred in sustaining defendants' motion to dismiss; (1) because the said petition stated facts sufficient for a decree quieting title in plaintiffs under Section 527.150 RSMo 1949, V.A.M.S. and the tax deed attacked by the action, a copy of which deed was attached to the second amended petition, was void on its face so that the three year statute of limitations did not apply and the action was not barred as the statute had not begun to run; (2) because the said petition stated a cause of action for a constructive trust since, even if defendants acquired legal title by the tax deed, yet, under the facts alleged in the petition as to fraud, the defendants took and held the title subject to a constructive trust being declared in favor of the plaintiffs; and (3) because, if the tax deed were not void on its face nor defendants' title subject to a constructive trust, the petition stated a cause of action on the ground that the tax sale and deed thereunder under the Missouri tax lien foreclosure act was void under the 14th Amendment to the Federal Constitution for want of due process in the foreclosure procedure proceedings, in that plaintiffs' contingent remainder in fee in the described premises was attempted to be sold without notice or an opportunity to be heard, and plaintiffs could not be legally deprived of their property without having had their day in court, or an opportunity to be heard.

The petition is in two counts. The second count re-alleges the facts stated in the first count, with one added allegation, to wit, that in truth and in fact defendant did not purchase the described lands at any sale for delinquent taxes, because no legal sale for delinquent taxes was ever had. The same relief is requested in the second count as in the first. In each count the plaintiffs offer to do equity, refund taxes paid with interest, et cetera, as may be adjudged, and general relief was asked "as to the court may seem meet and just." The petition is quite long. It will only be necessary to state the facts alleged with reference to the first contention.

On February 4, 1915, Marion L. Nunn and Mary C. Nunn were the owners in fee simple of the 138 acres of described real estate in Lewis County. On that date, by a warranty deed in due form, the said owners conveyed the described lands to "Marion E. Nunn for his life at his death to the heirs of his body * * *" and the deed further provided: "* * * however if the said Marion Elmore Nunn dies without issue his widow may use for her maintenance during her widowhood the Northwest Quarter of the Southwest Quarter of Section 33, Township 60, Range 6 West. If the said widow remarried (sic) then the above land set apart for her maintenance shall be sold and divided among our direct heirs share and share alike." Rentals were reserved to the grantors and the survivor for life. Both grantors are now deceased. Marion E. Nunn, the life tenant, died March 28, 1955, leaving no issue, no heirs of his body, but leaving surviving him his widow, Lulu G. Nunn. The petition further alleged that "plaintiffs and defendants herein are all of the heirs of Marion L. Nunn and Mary C. Nunn, and the survivor of them, now and at the time of the death of Marion E. Nunn." The relationship of each party is

then alleged and the extent of interest claimed in the described real estate is stated.

On November 2, 1938, E. W. Lillard, Collector of Lewis County, Missouri, made and delivered to defendant, James E. Nunn, his "Collector's Deed for taxes", purporting to convey the real estate in question here and other land, a total of 180 acres, to said grantee. On the same day, Marion E. Nunn and Lulu G. Nunn, his wife executed and delivered to James E. Nunn a quitclaim deed purporting to convey their interest in the real estate in question.

The Collector's Deed in question was incorporated by reference and, as stated, was attached to plaintiffs' petition as an exhibit. The deed recites that, on the 2nd day of November, 1938, James E. Nunn, produced to the undersigned collector a certificate of purchase, in writing, dated November 4, 1935, signed by the then Collector of Lewis County from which it appeared that the said James E. Nunn did on November 4, 1935, purchase at public auction at the front door of the court house of said county, the described real estate for $100.28 being the amount due on the described real estate, " * * * returned in the name of Elmer Nunn, for non-payment of taxes, costs and charges for the year 1930, which said certificate of purchase covered" the described real estate. The deed further recites that "All of which said lands have been recorded among other tracts, in the office of said Collector, as delinquent for the non-payment of taxes, costs, and charges due for the year last aforesaid, and legal publication made of the sale of said lands; and it appearing that the said James E. Nunn is the legal owner of said certificate of purchase and the time fixed by law for redeeming the land therein described having now expired, the said Elmer Nunn mentioned in the First Certificate of Purchase covered herein, nor any persons in their behalf having paid or tendered the amount due the said James E. Nunn on account of the respective aforesaid purchases, and for the taxes by him since paid upon each respective tract, and the said

James E. Nunn having demanded a deed for the tracts of land mentioned in said certificate, and which was the least quantity of each of the tracts above described that would sell for the respective amount due thereon for taxes, costs, and charges, as above specified, and it appearing from the records of said County Collector's office that each of the aforesaid lands were legally liable for taxation, and the property described in the First Certificate of Purchase herein mentioned has been duly assessed and properly charged on the tax books with taxes for the years 1930 * * *." Conveyance of the described lands in regular form was then made to James E. Nunn. The acknowledgment of "E. W. Lillard, Collector of Lewis County", was made before a notary public of the county. The deed was not witnessed by the county clerk of said county, but it was filed for record on November 2, 1938.

Concerning the mentioned deed, plaintiffs alleged "that before the time of the purported sale of said lands for taxes, the taxes for which said lands were purportedly sold had been paid, but that said Marion E. Nunn and Lulu G. Nunn, being life tenants, pretended that they had permitted and allowed the ordinary real property taxes due * * * to become unpaid and delinquent for the period of one year, to wit: 1930, and wrongfully, unlawfully, and fraudulently permitted allowed, planned, and caused a purported sale of said lands for taxes to be made at the Court House in Monticello, Missouri, on the 4th day of November 1935, at which time a certificate was purportedly sold to M. L. Nunn, Maywood, Missouri (the said Marion E. Nunn having purchased said lands.) * * * That no assignment of the certificate of purchase of said land was made to James E. Nunn as required by Mo.R.S.1949, Section 140.290 [V.A.M.S.]." The petition further alleged that Marion L. Nunn had died on June 19, 1925; and "that if said taxes had not theretofore been paid, the purchase of said certificate of purchase by Marion E. Nunn operated

244

merely as a payment of the taxes by him as life tenant, and inured to the benefit of the remaindermen, and the conveyance to James E. Nunn herein set forth conveyed only the life estate of Marion E. Nunn."

. The petition also alleged that the sale was fraudulent as to the state and county; that the lands were purportedly sold for the 1930 delinquent taxes, while at the time of the sale taxes for 1931, 1932, 1933 and 1934 were delinquent and unpaid; that there was no publication of any copy of the list of delinquent lands and lots prior to the sale as required by law; that the certificate of purchase listed the lands as assessed in the name of Elmer Nunn, who had no title or interest in the lands; that the land consisting of several tracts was not offered separately; that the property was not described with reasonable certainty; that the property was sold for an inadequate and unconconscionable consideration; that 180 acres of land worth $10,000 was sold for $100.28; and that the deed was "not witnessed by the county clerk, as required by Section 140.460 RSMo 1949 [V.A.M.S.], and is therefore void." The last defect alleged clearly appears from the face of the deed, which otherwise complies with the provisions and follows the form provided by Section 140.460 RSMo 1949, V.A.M.S. then appearing in Laws 1933, p. 438, Sec. 9957a.

█ Was the deed void because not witnessed by the county clerk as required by Laws 1933, p. 438, Sec. 9957a, now Sec. 140.460 RSMo 1949, V.A.M.S.? Said section with reference to the execution of deeds by the county collector provided: "Such conveyance shall be executed by the county collector, under his hand and seal, witnessed by the county clerk and acknowledged before the county recorder or any other officer authorized to take acknowledgments and the same shall be recorded in the recorder's office before delivery; a fee for recording shall be paid by the purchaser and shall be included in the costs of sale. Such deed shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, that said land or lot had not been redeemed and that the period therefor had elapsed, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed; and such deed shall be in the following form, as nearly as the nature of the case will admit, namely: * * *." A form of deed is then set out and the form shows a place for the county clerk to sign as a witness: "Witness: ——— (L. S.)" It further appears that Laws 1933, p. 436, Sec. 9955, in effect when the sale in question was made and when the deed was executed provided: "The clerk of the county court shall attend, either in person or by deputy, as the clerk of the sale of such delinquent land, and shall enter the same on a sufficient record book giving a description of the proper tract or lot, showing how much of each was sold, to whom, and the price, or whether the same remains unsold. * * *." See Section 140.220 RSMo 1949, V.A.M.S.

In the case of Costello v. City of St. Louis, Mo.Sup., 262 S.W.2d 591, 596, this court stated the applicable rule for determining the validity of such a deed and the reasons therefor as follows: "Under the Jones-Munger Act, the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character; such preliminary proceedings and sale are non-judicial and ex parte in their nature. No court guides the Collector or his proceedings, and he proceeds upon his own advice. In making his land delinquent list, in his notice and advertisement of sale, in his conduct of the sale, and in his preparation and execution of his certificate of purchase and his deed the Collector must strictly follow and observe the admonition of the statutes in this summary process of taking away from the citizen the title to the latter's land."

We have seen that the legislature by an applicable statute had expressly required the collector's deed for such conveyances to be witnessed by the county clerk. The requirement was no doubt made because of the fact that the county clerk had made a record of the sale as required under another section of the statutes. The statute was not complied with. The Collector's deed did not meet the terms of the requirements of the statute and it was therefore void on its face.

While we do not find that this court has previously determined this particular issue, many cases have held that, where a failure to comply with an express statutory requirement appears on the face of a tax deed, the deed is void. Costello v. City of St. Louis, supra, 262 S.W.2d 591; Brannock v. McHenry, 252 Mo. 1, 158 S.W. 385, 388; Jamison v. Galloway, Mo.Sup., 254 S.W. 101, 102(1); Callahan v. Davis, 125 Mo. 27, 36, 28 S.W. 162; Pitkin v. Reibel, 104 Mo. 505, 508, 16 S.W. 244; Pearce v. Tittsworth, 87 Mo. 635, 640; Mason v. Crowder, 85 Mo. 526, 532; Guffey v. O'Reiley, 88 Mo. 418, 424; Hopkins v. Scott, 86 Mo. 140, 148; Dunlap v. Henry, 76 Mo. 106, 108; Williams v. McLanahan, 67 Mo. 499, 501; Adams v. Buchanan, 49 Mo. 64, 71; Ryan v. Carr, 46 Mo. 483, 485; Stierlin v. Daley, 37 Mo. 483, 490. Also see 85 C.J.S. Taxation § 941, p. 400, note 88; 61 C.J. 1358, Section 1924, Note 14.

█ Since the Collector's deed in question failed to meet the requirements of the statute, Laws 1933, p. 438, Sec. 9957a, in that it was not witnessed by the county clerk as expressly required by the terms of the statute and indicated by the form suggested therein, and since it was void on its face for such failure, it did not set the special three year statute in motion. The statute did not begin to run against plaintiffs and plaintiffs' action was not barred by Section 140.590 RSMo 1949, V.A.M.S. Costello v. City of St. Louis, supra; Callahan v. Davis, supra; Mason v. Crowder, supra; Pearce v. Tittsworth,

supra; Pitkin v. Reibel, supra. Also see 20 Mo.L.R. 87, "Tax Deeds void on their face and the Three Year Statute of Limitations."

As stated, the motion to dismiss was based primarily upon Section 140.590 RSMo 1949, V.A.M.S., and respondents in this court rely thereon and cite Granger v. Barber, 361 Mo. 716, 236 S.W.2d 293, and Gilliam v. Gohn, Mo.Sup., 303 S.W.2d 101, on the theory that they dispose of the case on appeal. While the cases cited dispose of some of appellants' contentions, they provide no answer to the matter hereinbefore ruled. In the Granger case it was recognized that, where a tax deed is void on its face, it is insufficient to set the statute of limitations in motion (236 S.W.2d 293, 296), but in that case the tax deed was not attached to the petition, as an exhibit, and the allegations with reference to the defects did not state that they appeared on the face of the deed. The statute of limitations was held applicable and a bar to plaintiffs' action. In the Gilliam case, where it was held there was no such invalidity of the tax deed on its face as would prevent the operation of the limitations provided in Section 140.590, the claim that the tax deed was void on its face because not witnessed by the county clerk was not ruled, because it was not pleaded or raised in the trial court. 303 S.W.2d 101, 108.

█ The only remaining issue necessary for our determination is whether the said petition states a claim on which relief can be granted. We think the petition stated a cause of action to quiet and determine title under Section 527.150 RSMo 1949, V.A.M.S. It alleged that Marion L. Nunn and Mary C. Nunn were the owners of the 138 acres of described real estate in Lewis County; that on February 4, 1915, said owners conveyed the property to Marion E. Nunn "for his life at his death to the heirs of his body" and with further provisions as hereinbefore stated; that Marion L. Nunn and Mary C. Nunn are now deceased, as is Marion E. Nunn,

**246**

the life tenant, who died March 28, 1955; "that plaintiffs and defendants herein are all of the heirs of Marion L. Nunn and Mary C. Nunn, and the survivor of them, now and at the time of the death of Marion E. Nunn"; that defendant James E. Nunn claims title in fee to all of the described property under the Collector's Deed, as therein alleged and the quitclaim deed from Marion E. Nunn and Lulu G. Nunn; that the Collector's Deed was void on its face for the reason hereinbefore discussed and on other grounds; and that the plaintiffs and defendants were the owners in fee of said lands in the proportions and interests in said amended petition set out, "subject only to the right of possession of Lulu G. Nunn in the NW¼ SW¼ of Section 33, Twp. 60, Range 6 West for her life or until she remarries." The prayer of the petition is that title be quieted in accordance with interests of the respective parties as therein set out; and that the lands be partitioned according to their respective interest, and if partition cannot be had in kind without great prejudice to the parties that the lands be sold and the proceeds distributed in accordance with the respective interest of the parties. No complaint is made in the amended motion to dismiss because of the fact that actions for quiet title and partition are joined in both counts of the said petition.

The sufficiency of a petition to state a claim upon which relief can be granted must be determined from the facts stated therein. Public Service Comm. v. Kansas City Power & Light Co., 325 Mo. 1217, 31 S.W.2d 67, 70(4). In view of the allegations hereinbefore reviewed, it is apparent that plaintiffs stated a cause of action under Section 527.150, supra. Titus v. Tolle, 284 Mo. 175, 223 S.W. 885, 886; Boatmen's Nat. Bank of St. Louis v. Rogers, 352 Mo. 763, 179 S.W.2d 102, 105.

The judgment is reversed and the cause remanded.

All concur.